OPINION
{¶ 1} Appellant, Ernest G. Thompson, appeals from a judgment by the Lake County Court of Common Pleas sentencing him to consecutive terms of incarceration for convictions of gross sexual imposition, a felony in the third degree; corruption of a minor, a felony in the fourth degree; and the lesser included offense of gross sexual imposition, a felony in the fourth degree. For the reasons set forth below, appellant's sole assignment of error is without merit, and we affirm the trial court's imposition of consecutive sentences.
 {¶ 2} On July 24, 2000, the Lake County Grand Jury secretly indicted appellant on one count of rape, a first degree felony, in violation of R.C. 2907.02(A)(1)(b); three counts of gross sexual imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4); and two counts of corruption of a minor, felonies of the fourth degree, in violation of R.C. 2907.04(A). These charges stemmed from inappropriate sexual contact and conduct appellant allegedly had with two of his nieces and a friend of the nieces over approximately a nine-year course of time.[1] Appellant allegedly touched the buttocks and vaginal area of all three victims; digitally penetrated on more than one occasion two of the victims; and forced one victim on multiple occasions to touch appellant's penis. Appellant waived his right to appear at his arraignment, and not guilty pleas were entered on his behalf as to all charges.
 {¶ 3} Appellant later withdrew his not guilty pleas and pleaded guilty to the following counts: gross sexual imposition, a felony in the third degree; corruption of a minor, a felony in the fourth degree; and a lesser included offense of gross sexual imposition, a felony in the fourth degree. A nolle prosequi was entered for the remaining counts of the indictment. Sentencing was deferred, as the matter was referred to the Lake County Adult Probation Department for a psychiatric evaluation of appellant, presentence report, and victim impact statements.
 {¶ 4} John Fabian ("Fabian"), licensed clinical psychologist, evaluated appellant and reported his findings on March 14, 2001. Fabian learned of many losses that occurred during appellant's life. Namely, in 1988, appellant's step-daughter was run over by a truck and died in front of him in his front yard, and appellant's son dove into a swimming pool in 1991, was found floating in the pool, and was rendered a quadriplegic needing constant care.
 {¶ 5} Fabian found that appellant was in "great psychological turmoil" and suffered from major depression, post traumatic stress disorder, and an anxiety disorder. According to Fabian, appellant also had avoidant and schizoid personality features. Appellant presented himself as a victim and in a significant amount of stress. Fabian diagnosed appellant as a pedophile, stating that appellant was a "regressed child molester with low self-esteem [and] poor coping skills, [who] chooses children as sexual partners." Appellant stated to Fabian that he was under treatment for his major depression, post traumatic stress disorder, and anxiety disorder; however, appellant also stated that he was only taking two medications, and these were to help him sleep at night. According to Fabian, appellant had low motivation for treatment.
 {¶ 6} Fabian also concluded that appellant "takes no accountability for the offenses" and "lacks empathy and remorse for his acts as he denies that they took place [as] he [believed] that something happened to these children along the way but it was not from him." Appellant told Fabian that he believed his sister-in-law, the mother of two of the victims, created these allegations because she "hated" appellant.
 {¶ 7} Fabian evaluated appellant's risk of re-offending. Factors lowering appellant's risk include his marital status; his older age (forty-nine at the time of the charges); that his victims were persons known to him and were females; and appellant's lack of antisocial personality disorder, psychopathy, and prior sexual offenses. Likewise, factors that raised appellant's risk to re-offend include his diagnosis of pedophilia; the number of victims involved; one victim being unrelated to appellant; and the length of the offending. Fabian reported that appellant had definite feelings of inferiority, had no coping skills, and "can not tolerate the stress in his life and is helpless and hopeless." According to Fabian, appellant had a low motivation to receive treatment for his mental health issues and was at a greater risk of re-offending when under stress. Therefore, although Fabian concluded that appellant was at a low actuarial risk of re-offending, he contended that appellant was at moderate risk clinically, especially with regard to familial victims.
 {¶ 8} The presentence report, dated March 12, 2001, is also revealing. Appellant provided his written version of the matter in a presentence questionnaire and stated, "I touched my nieces in an inappriate [sic] manner when they were at my home. * * * I have severe emotional problems because of the Tragedies [sic] that have occurred in my life. * * * I do not understand my actions nor do I condone them." Despite this admission, during his presentence interview, appellant denied committing any of the instant offenses. In the interview, appellant stated that he did not understand why these charges were brought and only guessed that these charges were brought because his sister-in-law, the mother of two of the three victims, did not like him. Appellant added that when the girls were at his house, he had no contact with them because it was "just too painful" to be around the girls because they reminded him of his daughter being killed by a car.
 {¶ 9} Appellant admitted to Fabian that he used to drink alcohol regularly and was a "fall down drunk," but appellant asserted he had not used any alcohol since marrying his current wife. Appellant had used marijuana in the past, the last instance being February 2001. Urine samples taken at the time of evaluation tested negative for drugs. Appellant had no criminal history other than traffic offenses.
 {¶ 10} Victim impact statements reveal that these offenses have had a substantial psychological impact on the victims and their families. It is apparent that the victims were very angry, bitter, and also very fearful. One victim was afraid to take a shower without the family dog in the room. Parental statements, as well as a statement from one of the victims, demonstrated that the trust these children placed in their family was broken. These offenses had also substantially impacted interrelationships of the adults within the victims' families, as family members felt guilty for not discovering the abuse earlier than they did.
 {¶ 11} The trial court conducted the first sentencing hearing on March 30, 2001. The trial court heard from one victim, appellant's wife, and appellant. Appellant stated, "I'd only like to say, Your Honor, that I suffered quite a few tragedies in my life being [sic] ripped away from my family is going to hurt me immensely. I'm very very sorry for any suffering these children may have undergone, any pain and mental anguish which they have suffered while in my care and I beg the Court for leniency." Thus, there was no acknowledgement that appellant was the one responsible for the acts.
 {¶ 12} In its April 9, 2001 judgment entry, the trial court found, by clear and convincing evidence and by stipulation by appellant's counsel, that appellant was a sexual predator as outlined by R.C. 2950.09. Appellant was ordered to adhere to the reporting requirements outlined in R.C. 2950.04.
 {¶ 13} The trial court made the following findings of fact: the victims suffered from psychological harm; appellant was in a position of trust when he committed the offenses; appellant demonstrated no genuine remorse as he denied the entire matter; and appellant had no prior criminal history. Thus, the trial court sentenced appellant to a four-year prison term for the third degree felony of gross sexual imposition, a one year prison term for corruption of a minor, and a one year prison term for the fourth degree felony of gross sexual imposition. These sentences were ordered to be served consecutively.
 {¶ 14} Appellant appealed this judgment, asserting two assignments of error. First, appellant argued that the trial court erred by finding him to be a sexual predator. Next, appellant asserted that the trial court erred by failing to state its reasons on the record for imposing consecutive sentences, as required by R.C. 2929.19(B)(2)(c). This court found appellant's assignment regarding consecutive sentences with merit and reversed the matter with an order that the trial court state its reasons on the record for imposing consecutive sentences. This court affirmed the trial court's judgment labeling appellant a sexual predator.
 {¶ 15} A second sentencing hearing was held on February 13, 2003, nearly two years after the first hearing. At this time, appellant spoke on his own behalf, stating, "I'm just trying to do what the Court asked me to do, be on my best behavior, doing all I can while I'm in prison, taking up any program I possibly can and that's all, Your Honor." Again, appellant still took no responsibility for his conduct or expressed any remorse.
 {¶ 16} In its February 25, 2003 judgment entry, the trial court again imposed consecutive sentences upon appellant and also made the statutorily mandated findings to do so, as required by R.C. 2929.14(E)(4). The trial court adopted and incorporated the findings of the March 30, 2001 sentencing hearing as part of its rationale for imposing consecutive sentences. These adopted findings include that the victims suffered from psychological harm; appellant was in a position of trust when he committed the offenses; appellant demonstrated no genuine remorse as he denied the entire matter; and appellant had no prior criminal history. The trial court then added the following findings as reasons for imposing consecutive sentences: "victims were multiple and of tender years; victims were relatives or friends of the defendant; victims were molested multiple times; * * * [appellant] used threats to quiet the victims; [appellant] does not show remorse or recognize the seriousness of his conduct" and that appellant was likely to reoffend.
 {¶ 17} From that judgment, appellant puts forth the following assignment of error for our consideration:
 {¶ 18} "The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences."
 {¶ 19} Specifically, appellant challenges the trial court's rationale behind imposing consecutive sentences and argues that the trial court failed to consider various factors that mitigate against imposing consecutive sentences upon appellant.
 {¶ 20} "A reviewing court will not reverse a sentence unless an appellant demonstrates the trial court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors." State v. Earle, 11th Dist. No. 2001-L-159, 2002-Ohio-4510, at ¶ 5. Abuse of discretion "connotes more than an error of law or judgment [and, instead,] implies that the court's attitude was unreasonable, arbitrary, or unconscionable."State v. Werfel, 11th Dist. Nos. 2002-L-101 and 2002-L-102, 2003-Ohio-6958, at ¶ 64.
 {¶ 21} To impose consecutive sentences, R.C. 2929.14(E)(4), requires the trial court to make certain findings on the record.Earle at ¶ 6; State v. Fitzpatrick (Dec. 2, 2000), 11th Dist. No. 99-L-164, 2000 Ohio App. LEXIS 5608. The trial court must first determine that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and [also determine] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C.2929.14(E)(4). See, also, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. Specifically, in making these determinations, the trial court must "`consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" Comer at ¶ 11, quoting R.C. 2929.11(A).
 {¶ 22} In addition to the above, to impose consecutive sentences, the trial court must find any one of the following factors: "(a) the offender was awaiting trial or sentencing or was under community control sanction, (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct proves consecutive sentences are necessary to protect the public from future crime." Earle at ¶ 6. See, also, Comer at fn. 1; R.C.2929.14(E)(4)(a)-(c).
 {¶ 23} A trial court cannot satisfy the requirements of R.C.2929.14 by merely asserting it has reviewed the record. When a trial court imposes consecutive sentences, it must follow the requirements set forth in R.C. 2929.19(B)(2)(c), which requires a sentencing court to state its reasons justifying consecutive sentences.
 {¶ 24} At this time, we note that the trial court's adoption of its own findings from the previous sentencing hearing did not violate R.C. 2929.14 or deprive appellant of meaningful review. The same judge presided over the first and second sentencing hearings, and the second judgment entry reveals that the trial judge adopted his own findings from the prior sentencing hearing in this matter as part of his rationale for imposing consecutive sentences. The trial judge also added new findings supporting his imposition of consecutive sentences. It is apparent that the trial judge reviewed the record, provided his own reasons for imposing consecutive sentences, and did not pass responsibility for making these findings onto another entity.
 {¶ 25} Further, the trial judge stated his findings on the record during the February 13, 2003 sentencing hearing. The findings were sufficiently specific to enable meaningful appellate review, and appellant had not demonstrated prejudice. Thus, the trial court complied with the dictates of R.C. 2929.19
and R.C. 2929.14. See, e.g., State v. Boczek, 11th Dist. No. 2001-L-193, 2002-Ohio-6924, at ¶ 15, (A trial court's adoption of the findings set forth by the prosecutor at the sentencing hearing violates the sentencing requirements set forth in R.C.2929.19.); State v. Kinley (1999), 136 Ohio App.3d 1, 21, (A trial court's adoption of findings of fact does not deprive a petitioner of meaningful review if the facts are sufficiently specific to enable appellate review and there exists no demonstrated prejudice.).
 {¶ 26} Pursuant to R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), 11th Dist. No. 98-L-262, 2000 Ohio App. LEXIS 1200, at 4. A court reviewing a "felony sentence may modify or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Comer at ¶ 10, citing R.C. 2953.08.
 {¶ 27} We now address the merits of appellant's sole assignment of error. After our careful review of the record, including the presentence report, psychiatric evaluation, and victim impact statements, we conclude that the record clearly and convincingly supports the imposition of consecutive sentences. Appellant's sole assignment of error is not well-taken.
 {¶ 28} During the February 13, 2003 sentencing hearing, the trial court made certain findings on the record. The trial court stated that it found that consecutive sentences were necessary to protect the public from future harm by appellant, or punish appellant for the instant offenses. The trial court made the necessary findings under R.C. 2929.14(E)(4) to impose consecutive sentences, and the record supports the trial court's findings.
 {¶ 29} The presentence report and psychiatric evaluation reveal appellant's mental health issues and lack of coping skills, his likelihood to reoffend when under stress, his low motivation for treatment, and his failure to take responsibility for his actions. All this supports the trial court's conclusion that appellant was indeed likely to reoffend. Accordingly, the record supports the trial court's finding that appellant must be incapacitated for the protection of the public.
 {¶ 30} The record also supports the trial court's finding that consecutive sentences were necessary to punish appellant and deter him from committing similar crimes in the future. The record reveals this conclusion was warranted, as punishment and deterrence were especially necessary in light of appellant's repeated denial of his involvement in these offenses and repeated refusal to take responsibility for his actions. As such, after our consideration of the requisite factors outlined in Comer
and R.C. 2929.11(A), the record supports the trial court's finding that consecutive sentences were necessary to protect the public from future crime by appellant and to punish appellant.
 {¶ 31} The record also supports the trial court's findings, stated on the record during the February 13, 2003 sentencing hearing, that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public, and appellant's conduct was so great that no single prison term adequately reflected the seriousness of the offense. Such findings, in combination with the findings described above, permitted the imposition of consecutive sentences under R.C.2929.14(E)(4)(a)-(c) and Comer.
 {¶ 32} The course of appellant's conduct spanned nine years, involved multiple offenses, involved two family members and one friend of these family members, involved victims of tender years, and caused psychological harm to the victims. Appellant continued to deny responsibility for his actions. Failure to impose consecutive sentences would only demean the seriousness of appellant's conduct and its impact upon the victims and their families. Thus, the record supports the trial court's finding that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and the danger he posed to the public.
 {¶ 33} The record also supports the trial court's finding that appellant's course of action was so great that no single prison term adequately reflected the seriousness of the offense. The trial court found that appellant breached his position of trust by committing the instant offenses. On multiple occasions, appellant molested two nieces and a friend of these nieces, all of whom who were of tender years. Over the nine years, appellant used threats to prevent the victims from revealing the abuse and, as a result of the course of conduct, the victims suffered from psychological harm. Accordingly, the record clearly demonstrates that no single prison term adequately reflected the seriousness of appellant's crimes.
 {¶ 34} Appellant argues that, in imposing consecutive sentences, the trial court did not account for many of the mitigating factors surrounding appellant's involvement in these offenses. Appellant specifically points to his mental health issues and the tragedies in his life. While the tragedies in appellant's life were unfortunate, appellant's mental health issues do not mitigate against the imposition of consecutive sentences. In light of Fabian's contention that appellant was likely to reoffend when under stress, appellant's mental health issues actually provide strong support for the imposition of consecutive sentences.
 {¶ 35} Appellant also continues to argue that he is not likely to re-offend by virtue of Fabian's determination that appellant was at a low actuarial risk of reoffending. This contention misunderstands Fabian's analysis. While Fabian found that appellant was at a low actuarial risk of recidivism, Fabian determined that appellant was at a moderate clinical
risk of recidivism. Appellant's actuarial risk of recidivism takes in account some factors surrounding appellant which heighten or lessen his risk. For example, as discussed earlier, factors lowering appellant's risk include his marital status; his older age; that the victims were known persons and were females; and appellant's lack of antisocial personality disorder, psychopathy, and prior sexual offenses. Likewise, factors that heighten appellant's risk to re-offend include his diagnosis of pedophilia; the number of victims involved; one victim being unrelated to appellant; and the length of the offending. However,despite these statistics, Fabian's clinical impression of appellant after evaluating his mental health and other factors, including appellant's failure to take responsibility for his actions, led Fabian to conclude that appellant was actually at amoderate risk of recidivism.
 {¶ 36} In conclusion, the record clearly and convincingly supports the trial court's findings stated on the record during the February 13, 2003 sentencing hearing and the trial court's imposition of consecutive sentences. As discussed, the trial court's rationale behind imposing consecutive sentences was well-founded, and the trial court did not abuse its discretion by imposing consecutive sentences. Appellant's sole assignment of error is without merit, and we hereby affirm the trial court's imposition of consecutive sentences.
Ford, P.J., Grendell, J., concur.
[1] The earliest age of the first victim was five or six, and the offenses lasted a span of nine years. The oldest victim was age fourteen at the time of the last offense.