The STATE of Ohio, Appellee,

v.

TAYLOR, Appellant.

[Cite as *State v. Taylor,* 158 Ohio App.3d 597, 2004-Ohio-5939.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2003–L–165.

Decided Nov. 5, 2004.

598

Charles E. Coulson, Lake County Prosecuting Attorney, and Randi Ostry LeHoty, Assistant Prosecuting Attorney, for appellee.

Paul R. LaPlante, Lake County Public Defender, and Vanessa R. Clapp, Assistant Public Defender, for appellant.

GRENDELL, Judge.

{¶ 1} Defendant-appellant, Scott R. Taylor, appeals from the decision of the Lake County Court of Common Pleas imposing consecutive sentences for two counts of receiving stolen property. For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2} On June 18, 2003, Taylor was indicted by the Lake County Grand Jury for one count of failure to comply with an order or signal of police officer, a third-degree felony, in violation of R.C. 2921.331(B), and two counts of receiving stolen property, the first count a fourth-degree felony, in violation of R.C. 2913.51(A), and the second count a fifth-degree felony, in violation of R.C. 2913.51(A). The charges arose from a May 17, 2003 incident in which Taylor led police on a ten-mile chase, causing injury to a police officer and property damage, while operating a stolen vehicle with stolen license plates.

{¶ 3} On June 19, 2003, Taylor waived his right to be present at the arraignment, and the trial court entered not guilty pleas on his behalf. On July 31, 2003, Taylor appeared in court and opted to change his plea to guilty as charged on all counts. After accepting Taylor's pleas, the court referred the matter to the Lake County Adult Probation Department for a presentence investigation report, a drug and alcohol evaluation, and a psychiatric evaluation.

{¶ 4} On September 3, 2003, Taylor appeared for his sentencing hearing. The trial court sentenced Taylor to three years for the conviction of failure to comply, to be served consecutively with the other convictions as required by R.C. 2921.331(B). The trial court additionally sentenced Taylor to serve 17 months and 11 months, respectively, for the convictions of receiving stolen property, to be served consecutively, for an aggregate prison term of five years and four months. This timely appeal followed, wherein Taylor asserts a single assignment of error:

{¶ 5} "The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences on counts two and three."

{¶ 6} Specifically, Taylor asserts that the trial court misapplied the consecutive-sentencing factors contained in R.C. 2929.14(E)(4) by failing to account for various factors that militate against imposing consecutive sentences.

{¶ 7} Since Taylor's assignment of error challenges the propriety of his sentencing, we first turn to the applicable standards of review. An appellate court reviews a felony sentence under a clear-and-convincing-evidence standard of review. R.C. 2953.08(G)(2). In doing so, we conduct a meaningful review of the imposition of sentence. *State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 10. " 'Meaningful review' means that an appellate court hearing an appeal of a felony sentence may modify or vacate the sentence and

remand the matter to the trial court for resentencing if the court clearly and convincingly finds that the record does not support the sentence or that the sentence is otherwise contrary to law." Id., citing R.C. 2953.08.

{¶ 8} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).

{¶ 9} To impose consecutive sentences on a defendant, R.C. 2929.14(E)(4) requires that the trial court make three findings: (1) "consecutive sentences are necessary to protect the public from future crime or to punish the offender," (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) there exists "one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." *Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 13. These circumstances include that " '(a) the offender was awaiting trial or sentencing or was under community control sanction; (b) the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct proves consecutive sentences are necessary to protect the public from future crime.' " *State v. Thompson*, 11th Dist. No. 2003–L–052, 2004-Ohio-2925, 2004 WL 1238590, at ¶ 22, quoting *State v. Earle*, 11th Dist. No. 2001–L–159, 2002-Ohio-4510, 2002 WL 2022717, at ¶ 6.; R.C. 2929.14(E)(4)(a) through (c). Furthermore, "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." *Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 20. Thus, in imposing consecutive sentences, the trial court must support its decision with specific findings as to all three requirements of R.C. 2929.14(E)(4). Id.

{¶ 10} In addition, this court has stated that "R.C. 2929.14(E)(4) must be read in conjunction with R.C. 2929.19(B)(2)(c), which requires a trial court to state 'its reasons for imposing consecutive sentences.' The reasons required by R.C. 2929.19(B)(2)(c) are separate and distinct from the finding required by R.C. 2929.14(E)(4)." *State v. King* (Dec. 7, 2001), 11th Dist. Nos. 2000–L–143, 2000–L–144, 2001 WL 1561054, at * 2; accord *Thompson*, 2004-Ohio-2925, at ¶ 23.

{¶ 11} Finally, "[w]hen reviewing the imposition of a sentence upon a defendant by a trial court, this court will not disturb the sentence unless we find,

by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law." *State v. Fitzpatrick* (Mar. 15, 2002), 11th Dist. No. 2001–L–017, 2002 WL 408086 at * 2.

{¶ 12} Taylor, relying on *State v. Johnson* (May 11, 2001), 2nd Dist. No. 18383, 2001 WL 501950, argues that the court failed to consider Taylor's "long-standing drug and alcohol problem stemming from an abusive childhood" as mitigating factors that do not support the imposition of consecutive sentences under counts two and three. Taylor's reliance on *Johnson* is misplaced.

{¶ 13} In *Johnson*, the Second District held that the trial court did not make all of the necessary findings to impose consecutive sentences, discussing at great length the seriousness of the crime and the impact on its victims, but failing to adequately address the necessity of the consecutive sentencing to protect the public or whether consecutive sentences were disproportionate to the danger the defendant posed to the public. In addition, the court was unable to determine clearly from the record which of the factors contained within R.C. 2929.14(E)(4)(a) through (c) applied. Id. at * 6–* 7.

{¶ 14} Here, by contrast, the trial court, in making its findings, reviewed a videotape taken from cameras installed in each police cruiser involved in the chase, the presentencing report, and Taylor's psychological report. The court also heard from the prosecution, the defense, and Taylor himself. The court then made the following findings on the record:

{¶ 15} "That consecutive sentences are necessary in order to protect the public and punish the offender and are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public. That the offenses were committed while the offender was awaiting trial or sentencing, that he was under warrant for arrest. That the harm that was caused by the multiple offenses was so great or unusual that no single prison term for any one of the offenses committed as part of a single course of conduct that reflect the seriousness of the offender's conduct and that the offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 16} Thus, the court's findings satisfied the statutory requirements with respect to the first two factors. Additionally, the court found all three of the factors in 2929.14(E)(4)(a) through (c).

{¶ 17} With respect to each of the factors, the court provided a litany of reasons supporting its findings. The court determined that a police officer had suffered physical harm as a result of the chase and that there was a threat of physical harm to others during the chase and thus the harm caused by the multiple offenses was so great or unusual that no single prison term for any of

the offenses reflected the seriousness of the conduct. The trial court further found that the chase involved excessive speeds, endangering the lives of others as well as showing a complete disregard for traffic laws. The court also found that at the time of the offense, Taylor was using stolen license plates and driving with a suspended license. In addition, the trial court found that the offense was committed while Taylor was under a warrant for arrest and while he was under community-control sanctions for a previous offense. The court also addressed Taylor's history of criminal convictions and delinquency adjudications and his failure to respond favorably to previously imposed sanctions, demonstrating the necessity of imposing consecutive sentences to protect the public. We, therefore, cannot find by clear and convincing evidence that the trial court's record fails to support a finding allowing for the imposition of consecutive sentences.

{¶ 18} Taylor's final argument, that the court improperly failed to consider his history of substance abuse stemming from an abusive childhood, is also not well taken. On the contrary, the record indicates that the court considered his substance-abuse history and his failure to seek treatment up until this point as a factor in determining that Taylor showed no genuine remorse for his actions. In addition, the court relied heavily on Dr. Fabian's psychological report, which indicated a high likelihood that Taylor would relapse and reoffend, even if he received treatment. Furthermore, as this court has previously held, not only is there no case or rule of law supporting the proposition that an offender's drug abuse militates against the imposition of consecutive sentences, but where such factors are considered, courts have found substance abuse, particularly when an offender has demonstrated a history of failure to avail himself of treatment, as a factor that justifies imposing consecutive sentences. *State v. Caldwell*, 11th Dist. No. 2002–L–142, 2003-Ohio-6964, 2003 WL 22994556, at ¶ 29–30. Here, as in *Caldwell*, the trial court, in support of its findings for the purpose of imposing consecutive sentences, cited Taylor's long history of drug and alcohol abuse and his persistent denial of any drug or alcohol problem. The court also relied on Taylor's psychiatric evaluation, which indicated a significant likelihood that he would relapse and reoffend even if substance abuse treatment were provided.

{¶ 19} For the foregoing reasons, Taylor's assignment of error is without merit.

{¶ 20} By leave of this court granted on October 14, 2004, Taylor raises the following supplemental assignment of error: "The trial court erred when it imposed consecutive sentences based upon of finding of factors which R.C. 2929.14 makes essential to the imposition of punishment and which the defendant-appellant did not admit to and a jury did not find."

{¶ 21} Under Ohio's sentencing statutes, "if the court [is] imposing a sentence upon an offender for a felony * * *, the court shall impose the shortest prison

term authorized for the offense * * * unless * * * the offender previously had served a prison term * * * [or] [t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender." R.C. 2929.14(B)(1) and (2).

{¶ 22} The range of possible terms for failure to comply with an order or signal of a police officer, a third-degree felony, is one to five years, with an additional statutory requirement that the sentence be served consecutively with any other sentence imposed. The range of possible terms for receiving stolen property, a fourth-degree felony, is six to 18 months. The range of possible terms for receiving stolen property, a fifth-degree felony, is six to 12 months.

{¶ 23} In *Apprendi v. New Jersey* (2000), 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely v. Washington* (2004), —— U.S. ——, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403, further refined the *Apprendi* rule when it held that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" (Emphasis sic.)

{¶ 24} Taylor, relying on *Apprendi* and *Blakely*, argues that his consecutive sentence went beyond the "statutory maximum" for *Apprendi* purposes, since the trial court made a number of factual findings under R.C. 2929.14(E)(4) in its decision to impose consecutive sentences. Taylor concludes that since these additional factual findings were neither admitted by him nor found by a jury, his constitutional rights to trial by jury were violated when the court inflicted the punishment. Taylor's reliance on *Blakely* is misplaced.

{¶ 25} Under R.C. 2929.14(B)(1), the court is entitled to depart from the shortest authorized prison term if the "offender previously had served a prison term." Under *Apprendi*, the fact of a prior conviction may be used to enhance the penalty for a crime without being submitted to a jury and proven beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, citing *Jones v. United States* (1999), 526 U.S. 227, 243, 119 S.Ct. 1215, 143 L.Ed.2d 311, fn. 6. According to Taylor's presentence investigation report, Taylor had served at least one prior prison term for convictions of larceny, breaking and entering, and destroying private property. Therefore, the trial court's imposition of prison terms of three years for the failure-to-comply conviction, 17 months for the conviction on the first count of receiving stolen property and 11 months on the second count of receiving stolen property are all constitutionally permissible under *Apprendi* and, by extension, *Blakely*.

{¶ 26} Turning to Taylor's main argument, both *Blakely* and *Apprendi* can be distinguished from the instant case, as they deal with the issue of sentencing for a *single crime.* Courts in Ohio have consistently held that *Apprendi* does not apply to consecutive sentencing as long as the sentence does not exceed the statutory maximum for each individual underlying offense. See *State v. Carter,* 6th Dist. No. L–00–1082, 2002-Ohio-3433, 2002 WL 1436019, at ¶ 25 (holding that appellant's two eight-year consecutive sentences for rape, because they were each within the ten-year statutory range for a single offense, did not violate *Apprendi.*) Accord *State v. Gambrel* (Feb. 2, 2001), 2nd Dist. No. 2000–CA–29, 2001 WL 85793 at * 4–5; *State v. Brown* (Jan. 25, 2002), 2nd Dist. No. 18643, 2002 WL 91088 at * 5 (maximum sentence); *State v. Wilson* (Oct. 25, 2002), 6th Dist. No. L–01–1196, 2002-Ohio-5920, 2002 WL 31420758. Federal courts have likewise held that *Apprendi* is not implicated in consecutive sentencing. See *United States v. Wingo* (C.A.6, 2003), 76 Fed.Appx.30, 35–36, 2003 WL 22114017 at * 3–4; *United States v. Sauceda* (C.A.6, 2002), 46 Fed.Appx. 322, 323, 2002 WL 31056031. We find nothing in the holding of *Blakely* that would change this rule. Since Taylor's individual sentences are all less than the statutory maximum, his supplemental assignment of error is without merit.

{¶ 27} For the foregoing reasons, both of Taylor's assignments of error are without merit. The judgment of the Lake County Court of Common Pleas is affirmed.

Judgment affirmed.

WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.