{¶ 18} I must respectfully dissent. I believe the trial court's imposition of a sentence running consecutive to the sentence imposed the prior day violated appellant's Sixth Amendment rights pursuant the United States Supreme Court's holding in Blakely v. Washington.
 {¶ 19} In enacting Senate Bill 2, with an effective date of July 1, 1996, the Ohio General Assembly radically altered its approach to criminal sentencing. The new law essentially designated three classes of citizens who would have statutorily defined roles in determining the amount of time an individual would be incarcerated for a particular crime. The three classes defined were: (1) the Ohio General Assembly; (2) judges; and (3) jurors.
 {¶ 20} Senate Bill 2 also provided three distinct areas of judicial limitations when it set about its task of providing "truth in sentencing." Those would be: (1) sentences imposed beyond the minimum; (2) sentences imposing the maximum; and (3) consecutive sentences. The objective was apparently to provide a degree of consistency and predictability in sentencing.
 {¶ 21} It is clear that the legislature did not interfere with the role of juries to determine guilt. Thus, the first task in sentencing went to juries. In the second phase, the legislature reserved unto itself the role of establishing minimum sentences that would be imposed once the finding of guilt, either by trial or admission, was accomplished. And finally, the new law set forth the "findings" that were required before a judge would be permitted to depart from the minimum or impose consecutive sentences. Thus, everyone had a clearly defined role to play.
 {¶ 22} The first major pronouncement by the Ohio Supreme Court concerned the "findings" necessary to support the imposition of a maximum sentence. In Edmondson, the Supreme Court of Ohio held that a trial court must "make a finding that gives its reasons" on the record for the imposition of a maximum sentence.[1]
 {¶ 23} Following that pronouncement, the Supreme Court of Ohio, inState v. Comer, required the sentencing courts to make their "findings" and give reasons supporting those findings on the record "at the sentencing hearing."[2] Thus, it is clear that the courts, in applying Senate Bill 2, imposed duties upon judges to make specific findings to support their sentences whenever they went beyond the minimum; or imposed maximum sentences or consecutive sentences.
 {¶ 24} In 2004, however, the United States Supreme Court issued its judgment in Blakely v. Washington and made it clear that judges making "findings" outside a jury's determinations in sentencing violated constitutional guarantees.[3] Specifically, the court held:
 {¶ 25} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant. * * * In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,' * * * and the judge exceeds his proper authority."[4]
 {¶ 26} Thus, it is clear that the statutory judicial "findings," which provide the framework for all sentencing in Ohio, are prohibited by the United States Supreme Court.
 {¶ 27} Following the United States Supreme Court's release ofBlakely, this court determined that a trial court's reliance on a previous conviction as evidenced in the record would still be permissible for the purpose of imposing a sentence greater than the minimum.[5] As stated by this court in State v. Taylor:
 {¶ 28} "Under R.C. 2929.14(B)(1), the court is entitled to depart from the shortest authorized prison term if the `offender had previously served a prison term.' Under Apprendi, the fact of a prior conviction may be used to enhance the penalty for a crime without being submitted to a jury and proven beyond a reasonable doubt.[6] According to Taylor's pre-sentence investigation report, Taylor had served at least one prior prison term. * * * Therefore, the trial court's imposition of prison terms of three years, * * * seventeen months * * * and eleven months * * * are all constitutionally permissible under Apprendi and, by extension,Blakely."[7]
 {¶ 29} It is clear that, for Blakely purposes, a trial court is permitted to take judicial notice that a defendant has served a prior prison term, for that is not a "finding." It is a judicial acknowledgement of an indisputable fact. The trial court merely acknowledges the prior prison term and does not have to weigh conflicting evidence to make a factual finding. As such, a defendant's Sixth Amendment rights are not compromised by the exercise.
 {¶ 30} Other courts have taken a more literal approach to this question, particularly in the area of maximum and consecutive sentences. I believe the Eighth District Court of Appeals properly applied theBlakely standard when it held:
 {¶ 31} "This standard, however, must now be assessed in light of the United States Supreme Court ruling in Blakely v. Washington, * * * which states that the `statutory maximum' is not the longest term the defendant can receive under any circumstances, but is `the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant.'[8] The jury did not make a finding that Quinones had committed a worst form of the offense or that he posed the greatest likelihood of recidivism, nor did he admit to either. * * * Therefore, the sentences * * * must be vacated and remanded for resentencing in light of Blakely."[9]
 {¶ 32} I believe that a distinction must be made between "findings," which courts make to justify maximum or consecutive sentences and "acknowledging" the existence of a prior sentence in a criminal matter, which would permit the court to exercise its discretion in departing from a minimum sentence. Clearly, Blakely no longer permits courts in Ohio to "find" that a defendant has committed the "worst form of the offense" or that his actions predict the "greatest likelihood of recidivism" without either an admission by the defendant or a finding by the trier of fact.
 {¶ 33} As so eloquently stated by the United States Supreme Court inBlakely:
 {¶ 34} "This case is not about whether determinate sentencing is constitutional, only about how it can be implemented in a way that respects the Sixth Amendment."[10]
 {¶ 35} The court went on to state that the Sixth Amendment was not a "limitation of judicial power, but a reservation of jury power."[11] In what I believe to be the true thrust of this landmark case, the United States Supreme Court finally held that "[t]he framers would not have thought it too much to demand that, before depriving a man of three more years of his liberty, the State should suffer the modest inconvenience of submitting its accusation to the `unanimous suffrage of twelve of his equals and neighbours,' * * * rather than a lone employee of the state."[12]
 {¶ 36} This case is unique in that the consecutive sentences for the crimes charged, felonious assault and escape, are clearly mandatory by virtue of R.C. 2921.34 and do not permit any discretion by the trial court. If you escape from jail in Ohio, any sentence imposed for that separate crime will automatically be served after you have served your original sentence. However, that is not true with consecutive sentences for crimes other than escape.
 {¶ 37} In conclusion, I believe the trial court erred in sentencing the defendant to consecutive sentences for the felonious assault charge and the earlier-imposed, consecutive twelve-month sentences for the convictions of assault on a peace officer. In order to impose these sentences consecutively, the court was required to make "findings" concerning the "seriousness" of the crimes. That is the precise exercise I believe is prohibited by the United States Supreme Court. I would hold that trial courts are only permitted to impose consecutive sentences based upon facts admitted by the defendant or found by the trier of fact.
[1] State v. Edmonson (1999), 86 Ohio St.3d 324, 328-329.
[2] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus.
[3] Blakely v. Washington (2004), 124 S.Ct. 2531.
[4] (Emphasis in original and internal citations omitted.) Id. at 2537.
[5] State v. Taylor, 158 Ohio App.3d 597, 2004-Ohio-5939.
[6] Apprendi v. New Jersey (2000), 530 U.S. 466, 490, citing Jones v.United States (1999), 526 U.S. 227, 243, fn. 6.
[7] State v. Taylor, at ¶ 25.
[8] Blakely v. Washington, 124 S.Ct. at 2537.
[9] State v. Quinones, 8th Dist. No. 83720, 2004-Ohio-4485, at ¶ 30.
[10] Blakely v. Washington, 124 S.Ct. at 2540.
[11] Id.
[12] Id. at 2543.