OPINION
{¶ 1} Defendant-appellant Wayne Cahill appeals his sentence entered by the Delaware County Court of Common Pleas on one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A)(1); three counts of breaking and entering, in violation of R.C. 2911.13(B); three counts of theft, in violation of R.C. 2913.02(A)(1); two counts of tampering with coin machines, in violation of R.C. 2911.32; and one count of vandalism, in violation of R.C. 2909.05(B)(1), after the trial court found appellant guilty upon his entering pleas to the charges. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On October 7, 2003, the Delaware County Grand Jury indicted appellant on a forty-five count indictment for activity extending from January, 2003, until July, 2003. The indictment included felonies and misdemeanors arising out of a multiple county crime ring in which appellant and five other individuals were involved. After entering into plea negotiations with the State, appellant appeared before the trial court on January 6, 2004, and entered a plea of guilty to Count 1, engaging in a pattern of corrupt activity; Counts 2, 35, and 41, breaking and entering; Counts 4, 34, and 39, theft; Counts 5 and 37, tampering with coin machines; and Count 40, vandalism. The trial court accepted appellant's pleas and scheduled a sentencing hearing for June 21, 2004.
 {¶ 3} At the hearing, the trial court sentenced appellant to a total term of imprisonment of eight years. On Count 1, the trial court sentenced appellant to a prison term of 5 years. On Counts 2, 4, and 5, the trial court sentenced appellant to a period of twelve months incarceration on each count, ordered the sentences to run concurrently with one another, but consecutive to the sentence on Count 1. With respect to Counts 34, 35, and 37, the trial court sentenced appellant to a period of twelve months incarceration on each count. The trial court ordered the counts be served concurrently to each other, but consecutive to the sentences on Counts 1, 2, 4, and 5. On Counts 39, 40, and 41, the trial court sentenced appellant to a period of twelve months imprisonment on each count, and ordered the terms to run concurrently to each other, but consecutive to the sentences on Counts 1, 2, 4, 5, 34, 35, and 37. The trial court memorialized the sentences via Judgment Entry filed July 1, 2004.
 {¶ 4} It is from this judgment entry appellant appeals, raising the following assignments of error:
 {¶ 5} "I. The trial court erred by sentencing the appellant to maximum prison terms on counts two, four, five, thirty-four, thirty-five, thirty-seven, thirty-nine and forty-one.
 {¶ 6} "II. The trial court erred by sentencing Mr. Cahill to the maximum state prison term based on facts not found by the jury or admitted by Mr. Cahill.
 {¶ 7} "III. The trial court erred by sentencing the appellant to consecutive sentences."
 I {¶ 8} In his first assignment of error, appellant challenges the trial court's imposition of maximum sentences on Counts 2, 4, 5, 34, 35, 37, 39, and 41. Appellant submits although the trial court made several findings, it failed to make the findings necessary to justify imposing a maximum sentence pursuant to R.C. 2929.14(C), i.e., a finding appellant committed the worst form of the offense and/or a finding appellant posed the greatest likelihood of committing future crimes.
 {¶ 9} R.C. 2929.14(C) permits a trial court to impose the maximum sentence under the following conditions:
 {¶ 10} "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D) (3) of this section, and upon certain repeat violent offenders in accordance with division (D) (2) of this section."
 {¶ 11} This statute is to be read in the disjunctive. State v.Comersford (June 3, 1999), Delaware App. No. 98CAA01004, unreported. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above listed categories apply. "While a recitation of the statutory criteria alone may be enough to justify more than the minimum sentence, it is not enough to justify the imposition of the maximum sentence." State v. Redman, Stark App. No. 2002CA00097, 2003-Ohio-646.
 {¶ 12} The trial court must also make a finding which gives its reasons for imposing the maximum prison term "[i]f the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code." R.C. 2929.19(B) (2) (e).
 {¶ 13} In applying R.C. 2929.19(B) (2) (e) to the instant action, the State explains, although appellant pled guilty to ten counts, the ten counts involved three separate incidents; therefore, as to any one incident, the maximum term to which appellant was sentenced was six years, to wit: five years for the corrupt activities count and one year for the underlying fifth degree felonies. The State suggests three distinct groupings: Group 1 — Counts 1, 2, 4, and 5; Group 2 — Counts 1, 34, 35 and 37; and Group 3 — Counts 1, 39 and 41. The State maintains because the trial court sentenced appellant to less than the maximum sentence for each group, the trial court was not required to make findings pursuant to R.C. 2929.19(B).
 {¶ 14} The State alternatively argues because the corrupt practices violation requires proof of two or more acts, any two of the three incidents would be sufficient to tie the various fifth degree felonies to the corrupt practices violation, and at worst, appellant faced a sentence of seven years, to wit: five years for the corrupt practices count, and one year for each of two precipitating incidents. The State concludes because this sentence is below the maximum, the trial court was not required to make statutory findings. We disagree with both of the State's arguments.
 {¶ 15} The State elected to indict appellant on one count of engaging in a pattern of activities and include each specific incident under that one count to establish the pattern. As a result, the sentence becomes subject to R.C. 2929.19(B) (2) (e). Thus, we look at the sentence as a whole. The sentence for Group 1 totals six years. The sentence for Group 2 totals seven years, six years plus the one year for Counts 2, 4, and 5. The sentence for Group 3 totals eight years, six years plus the one year from Counts 2, 4, and 5, and the one year from Counts 34, 35, and 37. Because appellant's total sentence equals the maximum sentence which could have been imposed for the highest level offense, herein a felony of the second degree, the trial court was required to set forth reasons for imposing the maximum sentence. The trial court specifically found:
 {¶ 16} "THE COURT: Okay. Well, Mr. Cahill, considering all of the various factors that the court must consider in sentencing, the victims in this chain of events suffered economic harm * * * close to $100,000, far more serious, that would apply.
 {¶ 17} "Secondly, under the more serious 2929.12(B), this was obviously activity of an organized criminal group, though you came and went, as far as whether you participated on any given night, it's very clear that as a group you participated and you burglarized numerous car washes.
 {¶ 18} "Less serious, court finds there's no factors.
 {¶ 19} "Recidivism, obviously you have a prior criminal history going through the PSI, starting * * * when you were a juvenile, * * * there is a long list of prior history, including, if I'm not mistaken, you spent two terms in prison; * * *
 {¶ 20} "From your record it was very clear, the recidivism issue, that you failed to respond favorably to in the past; and your conduct, by my count, you have been violated for provisions, one, two, three, four, five, six, seven, eight, eight different times for various counts, you have shown no inclination or changed your type of behavior.
 {¶ 21} "Lastly, as far as recidivism, the court finds no genuine remorse on your behalf.
 {¶ 22} "So weighing the seriousness and recidivism, it is very clear the seriousness and recidivism all weigh toward incarceration. The court finds nothing to rebut the presumption for an F2, you shall be incarcerated. Tr. at 15-16.
 {¶ 23} We find the trial court did make the requisite findings.
 {¶ 24} Appellant's first assignment of error is overruled.
 II {¶ 25} In his second assignment of error, appellant contends the trial court erred in sentencing him to the maximum prison term based upon facts not found by the jury or admitted by appellant, in contravention ofBlakely v. Washington (2004), 542 U.S. ___, 159, L.E.2d 403, 124 S.Ct. 2531.
 {¶ 26} In Blakely, the United States Supreme Court held: "Our precedents make clear, however, that the `statutory maximum' for Apprendi
purposes is the maximum sentence a judge may impose solely on the basis ofthe facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra, at 602, 122 S.Ct. 2428, ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (quoting Apprendi, supra, at 483, 120 S.Ct. 2348); Harris v. UnitedStates, 536 U.S. 545, 563, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (plurality opinion) (same); cf. Apprendi, supra, at 488, 120 S.Ct. 2348, (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,' Bishop, supra, 87, at 55, and the judge exceeds his proper authority." Id. at 2537 (Emphasis in original).
 {¶ 27} In Blakely, the petitioner pled guilty to kidnapping his estranged wife. Under the facts admitted during his plea, the petitioner was subject to a maximum sentence of 53 months imprisonment. At sentencing, however, "the trial judge imposed a 90-month sentence after finding that petitioner had acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range." Id. at 2533. The United States Supreme Court determined the State of Washington's sentencing scheme violated the petitioner's Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.
This court has previously held a jury is not required to find the factors set forth in R.C. 2929.13(B)(2) or R.C. 2929.14(B) before a judge may impose a prison sentence for the conviction of a third, fourth or fifth degree felony. State v. Iddings (Nov. 8, 2004), Delaware App. No. 2004-CAA-06043, State v. Hughett (Nov. 18, 2004), Delaware App. No. 2004-CAA-06051, 2004-Ohio-6207; State v. O'Conner (Dec. 3, 2004), Delaware App. No. 2004-CAA-028, 2004-Ohio-6752.
Nor is a jury required to find the factors set forth in R.C. 2929.14(E) (4) before a judge may impose consecutive sentences. State v. Small
(Jan. 14, 2005), Delaware App. No. 2004-CAA-04032; See State v. Taylor,
Lake App. No. 2003-L-165, 2004-Ohio-5939, ¶ 25, citing United States v.Wingo (C.A.6, 2003), 76 Fed. Appx. 30, 35-36.
Accordingly, appellant's second assignment of error is overruled.
 III {¶ 28} In his third assignment of error, appellant challenges the trial court's imposition of consecutive sentences. Specifically, appellant asserts the trial court failed to follow the mandates of the Ohio Supreme Court in State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 29} In order to impose consecutive sentences, a trial court must comply with R.C. 2929.14(E)(4), which provides:
 {¶ 30} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 31} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 32} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 33} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 34} More concisely as pertinent here, R.C. 2929.14(E)(4) requires the court to make three findings in order to sentence an offender to consecutive sentences: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender, * * * [(2)] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, * * * [and (3)] [t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 35} "Consecutive sentences are reserved for the worst offenses and offenders." Comer, supra, at ¶ 21 (Citation omitted). Thus, in imposing consecutive sentences, the trial court must support its decision with specific findings as to all three requirements of R.C. 2929.14(E) (4). Id.
 {¶ 36} With respect to the imposition of consecutive sentences, the trial court specifically noted:
 {¶ 37} "The record should also reflect the court has considered the sentences given to the other coconspirators: Jason Martin five years, Bernard Meir four years, Richard O'Connor sixty-two months, Mr. Kingrey twelve years, and Mr. Cornell nine years. Court makes the specific findings because of your record and activities involved in this situation, all drug related, which makes it even more serious, that consecutive sentences are warranted, they are necessary to protect the public from future crime and to punish you, and consecutive sentences would not be disproportionate to the seriousness of your conduct.
* * *
 {¶ 38} "The court feels the minimum sentence, with your record, these offenses demean the seriousness of the offense; the court also feels the consecutive sentences I have given to you are necessary to not only protect society from future misconduct on your behalf but that they are not disproportionate to the seriousness of the conduct and the danger you pose to the public.
 {¶ 39} "Further, it's the court's specific finding that your criminal conduct, your history of criminal conduct, as demonstrated, are necessary to protect the public from any future crime committed by you.
 {¶ 40} "It's the further finding and the court's opinion, that with multiple offenses committed and a plea of guilt to in the course of conduct engaged in, that no single prison sentence for any of the offenses committed as part of a continuing course of criminal conduct, adequately reflects the seriousness of your conduct, therefore the court imposed multiple sentences to be served consecutively." Tr. at 17, 22.
 {¶ 41} In making its determination concerning consecutive sentences, the trial court explicitly stated it was relying on the factors it had already discussed in reviewing the appropriateness of a prison term. We find the trial court enumerated the factors to be considered, applied those factors to the facts sub judice, and followed the mandates of the statutes and Comer.
 {¶ 42} Appellant's third assignment of error is overruled.
 {¶ 43} The judgment of the Delaware County Court of Common Pleas is affirmed.
Gwin, J., and Boggins, P.J., concur.
Hoffman, J., concurs in part; dissents in part.
[1] A statement of the facts is not necessary to our disposition of appellant's appeal.