{¶ 48} I respectfully dissent. I agree with the majority's conclusion that the trial court did not err in denying Mitchell's motion to suppress. However, I believe Mitchell's sentence is constitutionally infirm in light of the United States Supreme Court's decision in Blakely v. Washington.[1]
 {¶ 49} The trial court was permitted to impose a sentence that was greater than the minimum because Mitchell had served prior prison terms.[2] However, for the reasons stated in my prior concurring and dissenting opinions, the trial court's imposition of the maximum sentence violated Mitchell's Sixth Amendment right to a jury trial, as set forth in Blakely v.Washington.[3]
 {¶ 50} This matter should be remanded for resentencing consistent with Blakely v. Washington.
[1] Blakely v. Washington (2004), 542 U.S. 296.
[2] State v. Brown, 11th Dist. No. 2003-A-0092, 2005-Ohio-2879, at ¶ 89; State v. Taylor, 158 Ohio App.3d 597,2004-Ohio-5939, at ¶ 25.
[3] See State v. Green, 11th Dist. No. 2003-A-0089, 2005-Ohio-3268 (O'Neill, J., concurring); State v. Semala, 11th Dist. No. 2003-L-128, 2005-Ohio-2653 (O'Neill, J., dissenting).