OPINION
{¶ 1} Appellant, Paul D. Sanders, appeals from the October 20, 2004 judgment entry of the Portage County Court of Common Pleas, in which he was sentenced for robbery, aggravated robbery, and failure to comply with the order or signal of a police officer.
 {¶ 2} On April 15, 2004, appellant was indicted by the Portage County Grand Jury on count one of aggravated robbery, and count two of aggravated robbery, both felonies of the first degree, in violation of R.C. 2911.01(A)(1) and (C); and count three of failure to comply with the order or signal of a police officer, a felony of the third degree, in violation of R.C. 2921.331(B)(C)(3). The indictment on count one arose from a separate incident from the indictment on count two and count three. The aggravated robbery indictment of count one occurred on March 2, 2004. Subsequently, on April 8, 2004, appellant robbed a Giant Eagle Store with a BB gun. Immediately thereafter, appellant fled the scene, leading the police on a high-speed chase through residential streets. When his vehicle ran off the road, appellant was apprehended.
 {¶ 3} Counts two and three from the April 8, 2004 incident proceeded to a jury trial on September 24, 2004. The jury found appellant guilty of aggravated robbery, and failure to comply with the order or signal of a police officer.
 {¶ 4} Prior to the sentencing hearing, appellant entered a written plea of guilty to an amended count one from aggravated robbery, to robbery, for the March 2, 2004 incident. Pursuant to an October 20, 2004 judgment entry, the trial court sentenced appellant to serve a prison term of two years on count one, robbery; nine years on count two, aggravated robbery; and four years on count three, failure to comply. The trial court ordered that the sentences in counts two and three were to run consecutive to each other and the sentence of count one was to run consecutive to counts two and three. Thus, appellant was sentenced to an aggregate prison term of fifteen years. Appellant timely filed this appeal and raises the following assignments of error for our review:
 {¶ 5} "[1.] The Portage County Court of Common Pleas erred to the prejudice of Appellant when it sentenced him to consecutive terms of imprisonment totaling fifteen years, including sentencing him to more than the `statutory minimum' terms without the jury having made the findings necessary to support those terms.
 {¶ 6} "[2.] The Appellant did not receive the effective assistance of counsel guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Ohio."
 {¶ 7} At the outset, we note that in his appellate brief submitted hereunder, appellant concedes that the judgment in this case is supported by the record. As such, we shall not consider whether the applicable statutes as to sentencing and imposition of sentencing were complied within this case.
 {¶ 8} In the first assignment of error, appellant argues that his constitutional rights were violated because he was given more than the statutory minimum prison term and consecutive sentences, based on findings of fact that appellant did not admit to and were not found by a jury, per Blakely v. Washington (2004), 124 S.Ct. 2531.
 {¶ 9} In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony is ten years. Yet, other provisions of Washington's law limited the range of sentences a judge could impose. Hence, the "standard" statutory range for the offense the defendant was convicted of was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could increase the "standard" sentence if it found any of a non-exhaustive list of aggravating factors justifying the departure. In Blakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a ninety-month sentence, which was a thirty-seven month upward departure from the "standard."
 {¶ 10} The United States Supreme Court reversed the sentence, holding that a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. Id. at 2537. The Court emphasized that the statutory maximum is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the juryverdict or admitted by the defendant." Id. (Emphasis sic.)
 {¶ 11} In Ohio, the statutory range of prison terms for robbery, a second-degree felony is two to eight years. The range of prison terms for aggravated robbery, a first-degree felony, is three to ten years. The range of prison terms for failure to comply with an order or signal of a police officer, a third degree felony, is one to five years.
 {¶ 12} Here, appellant was sentenced to a two-year prison term for robbery, a nine-year prison term for aggravated robbery, and a four-year prison term for failure to comply with the order or signal of a police officer. Thus, all sentences were within the statutory maximum range.
 {¶ 13} R.C. 2929.14(B) states "if the court is imposing a sentence upon an offender for a felony * * *, the court shall impose the shortest prison term authorized for the offense * * * unless * * * the offender previously had served a prison term * * * [or] the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender * * *."
 {¶ 14} Thus, the court is entitled to depart from the shortest authorized prison term if the offender has previously served a prison sentence. In State v. Taylor, 158 Ohio App.3d 597, 2004-Ohio-5939, this court held that "the fact of a prior conviction may be used to enhance a penalty for a crime without being submitted to a jury, and proven beyond a reasonable doubt." Id at ¶ 25, citing Apprendi v. New Jersey (2000),530 U.S. 466, 490.
 {¶ 15} Appellant urges this court to distinguish between a finding of fact of a prior conviction, and a finding of fact of serving a prior a prison term. He argues that the permissible finding by the court of a prior conviction per Taylor, does not extend to a permissible finding by the court of a prior prison term, unless admitted to or as a finding by a jury. We disagree. It is axiomatic that Blakely does not apply when a court takes judicial notice that a defendant has served a prior prison term.
 {¶ 16} In Taylor, the trial court found that the defendant served a prior prison term pursuant to a pre-sentence investigation report. Similarly, in the case sub judice, appellant's pre-sentence investigation report indicates that he served at least one prior prison term for breaking and entering.
 {¶ 17} As in Taylor, the trial court's finding of a prior prison term in this case is constitutionally permissible under both Apprendi andBlakely. As such, the court was not mandated to sentence appellant to the minimum sentence.
 {¶ 18} Appellant also argues that his consecutive sentences went beyond the statutory maximum because the trial court made factual findings under R.C. 2929.14(E)(4) to support the imposition of consecutive sentences for counts two and three, and further ordering that count one would run consecutive to counts two and three.
 {¶ 19} Appellant concludes that because he neither admitted these additional facts nor were they found by a jury, his constitutional rights to trial by jury were violated per Blakely.
 {¶ 20} R.C. 2929.14(E)(3) provides if a prison term is imposed for a felony violation of R.C. 2921.331(B), "the offender shall serve that prison term consecutive to any other prison term[.]" Thus, the court was mandated to order consecutive sentences for count two and count three.
 {¶ 21} R.C. 2929.14(E)(4) states a trial court may impose consecutive sentences upon an offender if "* * * * (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 22} In its imposition of consecutive sentences the court made the requisite findings under R.C. 2929.14(E) based on the record, oral statements, victim impact statements, and pre-sentence report. The court found "* * * consecutive terms are necessary to adequately protect the public, because of the seriousness of the offense and because of Defendant's repeated criminal history."
 {¶ 23} Blakely is distinguishable from this case, as it involved sentencing for a single crime. Courts in Ohio have consistently held that both Blakely and Apprendi do not apply to consecutive sentences as long as the sentence does not exceed the statutory maximum. State v. Carter,
6th Dist. No. L-00-1082, 2002-Ohio-3433, at ¶ 25 (holding appellant's two eight-year consecutive sentences for rape did not violate Apprendi
because each sentence was within the ten-year statutory range for a single offense.) State v. Rivers, 11th Dist. No. 2003-T-0170,2005-Ohio-1100, at ¶ 15. State v. Morales, 11th Dist. No. 2003-L-025,2004-Ohio-7239, at ¶ 87, State v. Rupert, 11th Dist. No. 2003-L-154,2005-Ohio-1098, at ¶ 48.
 {¶ 24} In this case, the judge imposed the minimum two-year prison sentence for the second degree felony of robbery. Also appellant's nine-year sentence on count two is within the ten-year statutory maximum on a first degree felony. As to count three, the judge imposed a four-year sentence, which is within the five-year maximum on a third degree felony. Since appellant's individual prison sentences are within the statutory maximum, we find that the imposition of consecutive sentences does not violate the holding in Blakely.
 {¶ 25} Appellant also argues under Blakely, that R.C. 2929.19 is unconstitutional on its face for authorizing a judge to conduct a sentencing hearing without the presence of a jury. Therefore, appellant also concludes that trial court committed plain error in conducting the sentencing hearing.
 {¶ 26} A court should not decide constitutional questions unless absolutely necessary. Arena Food Service, Inc. v. Bd. of Elections ofMontgomery Cty. (1987), 2nd Dist. No. 10230, 1987 Ohio App. LEXIS 7551, at 3. In consideration of our finding that Blakely does not apply to the case at bar, we shall not address this issue. We note that the Ohio Supreme Court has yet to rule on whether Blakely applies to Ohio's statutory sentencing scheme.
 {¶ 27} For the foregoing reasons, appellant's first assignment of error is without merit.
 {¶ 28} Under his second assignment of error, appellant argues ineffective assistance of counsel. Specifically, appellant asserts that his trial counsel at sentencing should have objected to the prison terms imposed by the court, and the further order of consecutive sentences, under Blakely.
 {¶ 29} An appellant must meet two requirements to demonstrate ineffective assistance of counsel. First, appellant must show that counsel committed errors, and second, that these errors prejudiced the appellant's defense. Strickland v. Washington (1984), 466 U.S. 668, 687. In order to prove that counsel's deficient performance prejudiced appellant's defense, appellant must demonstrate that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143.
 {¶ 30} Blakely was decided on June 24, 2004. Thus, the September 27, 2004 sentencing hearing in the instant case took place several months after the ruling in Blakely. Assuming arguendo, that appellant's counsel committed error by failing to raise Blakely at the sentencing hearing, we have already determined that Blakely does not apply to this case. Thus, appellant has failed to demonstrate that there is a reasonable possibility that the outcome would have been different had the alleged error not been committed. As such, appellant's second assignment of error is without merit.
 {¶ 31} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
Ford, P.J., concurs, O'Neill, J., dissents with Dissenting Opinion.