DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for felonious assault issued by the Sandusky County Court of Common Pleas following a jury trial. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellant, Raymond Roberts, and Karey Ruiz had an ongoing relationship since September 2002. They lived with each other for about a year and had one child together.
 {¶ 3} According to Ruiz, on September 11, 2003, appellant picked her up from work at approximately 11:00 p.m. After making a few stops, the two drove to a motel to visit friends. Ruiz later testified that while at the motel, appellant accused her of infidelity. During this confrontation, appellant struck Ruiz in the right eye, causing bleeding.
 {¶ 4} Appellant agreed to drive Ruiz to the hospital, but instead drove her into the country. There, according to Ruiz, appellant ordered her out of the car and told her to take off her shirt. Appellant then grabbed a wooden baseball bat from the trunk and repeatedly struck Ruiz on the back of her legs and torso. Ruiz testified that she believed that appellant intended to kill her.
 {¶ 5} At some point, near 5:00 a.m., appellant and Ruiz saw car lights in the distance. According to Ruiz, appellant ordered her into her car. As appellant drove away, Ruiz jumped from the car and hailed the passing vehicle for help. The driver of the car stopped, assisted Ruiz into his car and called the police.
 {¶ 6} On November 10, 2003, appellant was charged with one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree. Appellant pled not guilty. On January 9, 2004, after a two day jury trial, appellant was found guilty as charged. On February 3, 2004, the court sentenced appellant to five years incarceration. Appellant now appeals, setting forth the following three assignments of error:
 {¶ 7} "I. The trial court erred in denying appellant's motion for acquittal because the evidence was insufficient as a matter of law and the jury's verdict was against the manifest weight of the evidence presented.
 {¶ 8} "II. Appellant was denied a fair trial due to ineffective assistance of counsel as guaranteed to him under theFifth and Sixth Amendments of the United States constitution and also under Article 1 § 10 of the Ohio Constitution.
 {¶ 9} "III. Appellant was denied due process of law when the trial court failed to have appellant evaluated once his mental health was called into question."
 I. Weight and Sufficiency of Evidence. {¶ 10} In his first assignment of error, appellant asserts that his conviction was based on insufficient evidence and was against the manifest weight of the evidence.
 {¶ 11} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Statev. Eley (1978), 56 Ohio St.2d 169; State v. Barns (1986),25 Ohio St.3d 203.
 {¶ 12} R.C. 2903.11(A)(2) provides that no person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon. A deadly weapon is any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon. R.C. 2923.11(A).
 {¶ 13} In this case, Ruiz was seriously injured after an encounter with appellant. Ruiz testified that appellant repeatedly hit her with a baseball bat. As a result, her right leg became swollen and she suffered multiple bruises on her legs and body. Additionally, the driver who came to Ruiz's aid, testified that he saw her swollen leg with a "round spot" on it. At trial, Ruiz identified photographs of her injuries. This evidence is sufficient to support the elements of felonious assault. Moreover, we find nothing in the record to suggest that the jury lost its way. Consequently, appellant's first assignment of error is found not well-taken.
 II. Effective Assistance of Counsel. {¶ 14} Appellant next asserts he was denied his constitutional right to effective counsel.
 {¶ 15} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v.Washington (1984), 466 U.S. 668, 687. Accord State v. Smith
(1985), 17 Ohio St.3d 98, 100.
 {¶ 16} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v. Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See Id. at 694. See, also, State v.Lott (1990), 51 Ohio St.3d 160, for Ohio's adoption of theStrickland test.
 {¶ 17} Appellant asserts that trial counsel's performance was deficient for several reasons. First, appellant asserts that trial counsel failed to request the jury instruction regarding a lesser included offense of assault, pursuant to R.C. 2903.13. Failure to request a jury charge on the lesser included offense of assault is permissible only where the evidence adduced at trial would reasonably support acquittal on the greater charge, yet conviction on a lesser included offense. Failure to request a lesser included offense instruction is ordinarily considered trial strategy and will not support a finding of ineffective assistance of counsel. State v. Griffie (1996),74 Ohio St.3d 332, 333, citing State v. Clayton (1980) 62 Ohio St.2d 45, 48.
 {¶ 18} Second, appellant asserts that trial counsel failed to file a motion in limine to prevent the introduction of the bloody shirt into evidence. The bloody shirt at issue was never admitted into evidence, so counsel's failure to move to exclude it could hardly be deficient performance.
 {¶ 19} Third, appellant asserts trial counsel failed to file a motion in limine or object to testimony regarding appellant's prior acts or convictions, or to correct such omissions by requesting a limiting jury instruction. There was never testimony concerning appellant's prior convictions. Appellant's counsel raised appellant's prior contact with police by way of explanation as to why appellant might bolt and run before he was arrested. Clearly this would have been part of a trial strategy.
 {¶ 20} Fourth, appellant asserts trial counsel failed to object to testimony regarding a trip taken by Ruiz to Mississippi. Trial counsel may have believed that testimony about appellant's Mississippi encounter with Ruiz may have shown that, in spite of Ruiz's accusations, she maintained a relationship with him. Therefore, this testimony about the Mississippi encounter could have been a part of trial strategy.
 {¶ 21} Fifth, appellant asserts trial counsel failed to object to the admission of photographs into evidence without proper foundation. The photos of Ruiz's injuries were certainly relevant. In addition, foundation for their admission could have easily been elicited during trial through the testimony of the deputy who took the photographs. Appellant's trial counsel may well have chosen not to object so as not to unduly impede the proceedings.
 {¶ 22} After review of the record, we conclude that appellant's counsel did not make serious errors or perform deficiently to prejudice the defense. Accordingly, appellant's second assignment of error is found not well-taken.
 III. Competency. {¶ 23} Finally, appellant asserts in his third assignment of error that he was denied due process of law when the trial court failed to order a competency hearing to evaluate appellant after the court questioned his mental health. Specifically, appellant asserts the trial court failed to order a competency hearing prior to sentencing to determine if appellant was able to assist in his own defense, to offer evidence in mitigation, or to comply with his probation officer in preparing the presentence investigation.
 {¶ 24} During a criminal action in a court of common pleas, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. R.C. 2945.37(B). If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion. Id. The decision to order an evaluation is within the sound discretion of the trial court. State v. Rahman
(1986), 23 Ohio St.3d 146, 156. In determining whether to sua sponte hold a competency hearing, the court should consider: (1) doubts expressed by counsel as to competency; (2) evidence of irrational behavior; (3) the defendant's demeanor at trial; and (4) prior medical opinion concerning competency. State v.Rubenstein (1987), 40 Ohio App.3d 57, at ¶ 2 of the syllabus. Appellant bears the burden of demonstrating these factors. R.C.2945.37(G).
 {¶ 25} In this case, no doubt was expressed by counsel as to appellant's competency. Moreover, our review of the proceeding fails to reveal instances wherein appellant exhibited irrational behavior. Our review finds that the probation department supplied the court with a full presentence investigation report and the trial court was fully aware of appellant's history and his actions during trial. The court observed during sentencing that appellant should receive a psychological evaluation while in the custody of the Department of Corrections, however, there is no suggestion that appellant was unbalanced, let alone incompetent. Accordingly, appellant's third assignment of error is found not well-taken.
 {¶ 26} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, costs assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Singer, J., Knepper, J., Concur.