OPINION
{¶ 1} Appellant, Salvadore Acevedo, appeals the judgment entered by the Ashtabula County Court of Common Pleas. This matter is submitted to this court on the record and the briefs of the parties. Acevedo was sentenced to a three-year prison term after he was convicted of felonious assault.
 {¶ 2} Benjamin Ford worked at a local pizza shop in Conneaut, Ohio. On a Friday night, Ford returned to the pizza shop after making deliveries. There, he encountered Acevedo, an acquaintance, behind the pizza shop next to a catering truck. Acevedo and Ford talked in the parking lot near the catering truck. What happened next was the subject of two different stories given at trial.
 {¶ 3} Ford testified that Acevedo had visited his house a few times. Regarding the night in question, Ford testified that Acevedo accused him of removing the lug nuts on Acevedo's car. Ford denied removing the lug nuts. He turned to walk back to the store. At that time, he felt something hit his leg. He turned to face Acevedo and saw Acevedo swing a "ball bat" at his head. The bat struck him in the forehead, resulting in a cut.
 {¶ 4} Angel Garcia also testified for the state. He was an employee at the pizza shop. He was on his break when the events began, sitting in a car behind the pizza shop. He testified he saw Acevedo swing something, but could not determine what it was because it was dark. At first, he thought the two were merely reenacting something. He followed Ford into pizza shop and noticed he was bleeding from his head. Garcia went back outside and heard Acevedo say "you seen what I did to the big guy over here." He testified that Acevedo changed his story when Michael Gordon walked outside, telling him that Ford "must have slipped or something."
 {¶ 5} Michael Gordon is the owner of the pizza shop. He testified that Ford entered the pizza shop with a cut on his head. He went outside, where Acevedo told him Ford slipped and fell.
 {¶ 6} Acevedo testified he knew Ford through drug sales, as Ford would sell him marijuana. On the night in question, Ford approached Acevedo and questioned him about a debt for drugs. Ford proceeded to "bear hug" Acevedo. In order to free himself, Acevedo "head-butted" Ford. This resulted in the injury to Ford's head. He admitted telling Gordon that Ford slipped and fell. He indicated that he did not want them to get into trouble regarding the drug transaction.
 {¶ 7} As a result of these events, Acevedo was charged with felonious assault, a second-degree felony. He pled not guilty to the charge, and a jury trial was held. Following the state's case-in-chief, Acevedo moved for acquittal pursuant to Crim.R. 29. The trial court overruled this motion. Acevedo testified in his own defense, after which he renewed his motion for acquittal. The trial court also denied this motion. The jury found Acevedo guilty of felonious assault. Acevedo was sentenced to a three-year prison term for the conviction.
 {¶ 8} Acevedo raises three assignments of error. His first assignment of error is:
 {¶ 9} "The defendant-appellant's constitutional rights to due process under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution were prejudiced by the ineffective assistance of counsel.
 {¶ 10} In State v. Bradley, the Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation, and, in addition, prejudice arises from counsel's performance."[1] Moreover, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, * * * that course should be followed."[2]
 {¶ 11} Acevedo asserts that defense counsel should have more thoroughly cross-examined the state's witnesses regarding the issue of the baseball bat.
 {¶ 12} Ford testified on direct examination that he saw the bat as Acevedo was swinging it. Defense counsel cross-examined Ford about the bat. Ford testified that it was a wooden bat that looked like it may have been sawed off. Acevedo claims defense counsel should have questioned Ford about where the bat was during his initial conversation with Acevedo. Acevedo has not demonstrated how he was prejudiced by this purported ineffective representation. Ford testified on several occasions that Acevedo hit him with a baseball bat. Acevedo fails to demonstrate how the issue of whether Ford saw the baseball bat while they were talking would have changed the outcome.
 {¶ 13} Gordon is the owner of the pizza shop. He testified that he was inside the shop when the altercation occurred and did not see what caused Ford's injury. Acevedo argues that defense counsel should have questioned Gordon as to whether he saw a bat after the event when he was in the parking lot. Again, in light of Ford's direct testimony that Acevedo hit him in the head with a baseball bat, we do not see how Acevedo was prejudiced by the failure to ask the owner if he saw a bat after the incident.
 {¶ 14} Angel Garcia testified that he saw Acevedo talking to Ford. He then saw Acevedo "swing something" at Ford. He testified he could not make out what was swung because of the darkness. On cross-examination, defense counsel asked Garcia whether he could see what Acevedo had in his hand, to which Garcia replied "no."
 {¶ 15} Acevedo also asserts his trial counsel was ineffective for failing to use Garcia's police statement to impeach him during cross-examination. Initially, we note that the police statement is not in the record before this court. This is because the statement was not introduced as an exhibit. However, the transcript reveals that defense counsel referenced the police statement during his cross-examination of Garcia. Apparently, there were no material inconsistencies that warranted introducing the statement. Trial counsel had the discretion to decide whether it would be beneficial to offer the statement and allow the jury to view it. Based on the record before us, we cannot say he was ineffective for choosing not to offer the statement.
 {¶ 16} Moreover, in order to demonstrate prejudice on this ground, Acevedo would have to direct this court's attention to material differences between Garcia's police statement and his trial testimony. He has not done so.
 {¶ 17} Acevedo's first assignment of error is without merit.
 {¶ 18} Acevedo's second assignment of error is:
 {¶ 19} "The trial court erred to the prejudice of defendant-appellant in denying the motions for judgment of acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure."
 {¶ 20} A trial court shall grant a motion for acquittal when there is insufficient evidence to sustain a conviction.[3] When determining whether there is sufficient evidence presented to sustain a conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[4]
 {¶ 21} Acevedo was convicted of felonious assault, in violation of R.C. 2903.11(A)(2), which provides:
 {¶ 22} "(A) No person shall knowingly do either of the following:
 {¶ 23} "* * *
 {¶ 24} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 25} Acevedo does not claim that a baseball bat is not a deadly weapon. We note that a baseball bat, when used as a weapon, can be a deadly weapon.[5] Acevedo's argument is that there was insufficient evidence that he used a baseball bat.
 {¶ 26} Ford testified that Acevedo hit him with a "ball bat." Garcia testified that it looked like Acevedo swung something at Ford. Both of them testified that Ford was bleeding heavily following the incident. Taken together, their testimony provided sufficient evidence for a jury to find that Acevedo hit Ford with the baseball bat.
 {¶ 27} Acevedo contends the state should have introduced the baseball bat. Obviously, the introduction of a bloody baseball bat would have helped the state's case. However, the lack of a bat is not fatal to its case. The direct testimony of the witnesses, including the victim, was sufficient to meet the state's burden.
 {¶ 28} The state presented sufficient evidence for the jury to find that Acevedo committed all the elements of felonious assault beyond a reasonable doubt.
 {¶ 29} Acevedo's second assignment of error is without merit.
 {¶ 30} Acevedo's third assignment of error:
 {¶ 31} "The trial court erred to the prejudice of defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence."
 {¶ 32} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 33} "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'"[6]
 {¶ 34} We note the weight to be given to the evidence and the credibility of witnesses are primarily matters for the jury to decide.[7]
 {¶ 35} Again, the state presented sufficient evidence that Acevedo hit Ford with a baseball bat. Ford directly testified that this happened. In addition, Garcia testified that Acevedo swung something.
 {¶ 36} Acevedo claims Ford's injuries resulted from a "head butt." He claimed Ford was the aggressor and was forced to use a head butt to escape Ford's bear hug.
 {¶ 37} There was competing testimony regarding the cause of Ford's injuries. After evaluating the credibility of the witnesses, the jury decided to give more credence to Ford's version of the events.
 {¶ 38} We cannot say the jury lost its way or created a manifest miscarriage of justice when it returned a guilty verdict.
 {¶ 39} Acevedo's third assignment of error is without merit.
 {¶ 40} In addition to Acevedo's assigned errors, it is necessary to address the implications of Blakely v. Washington on this matter.[8]
Acevedo received a three-year prison term. The minimum prison term for a second-degree felony is two years.[9] R.C. 2929.14(B) requires the judge to make certain findings prior to imposing a prison term that is greater than the minimum.
 {¶ 41} In 2004, the United States Supreme Court issued its judgment inBlakely v. Washington and made it clear that judges making "findings" outside a jury's determinations in sentencing violated constitutional guarantees.[10] Specifically, the court held:
 {¶ 42} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant. * * * In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,' * * * and the judge exceeds his proper authority."[11]
 {¶ 43} Following the United States Supreme Court's decision inBlakely, this court determined that a trial court's reliance on a previous conviction as evidenced in the record would still be permissible for the purpose of imposing a sentence greater than the minimum.[12] As stated by this court in State v. Taylor:
 {¶ 44} "Under R.C. 2929.14(B)(1), the court is entitled to depart from the shortest authorized prison term if the `offender previously had served a prison term.' Under Apprendi, the fact of a prior conviction may be used to enhance the penalty for a crime without being submitted to a jury and proven beyond a reasonable doubt.[13] According to Taylor's presentence investigation report, Taylor had served at least one prior prison term[.] * * * Therefore, the trial court's imposition of prison terms of three years * * *, 17 months * * * and 11 months * * * are all constitutionally permissible under Apprendi and, by extension,Blakely."[14]
 {¶ 45} It is clear that, for Blakely purposes, a trial court is permitted to take judicial notice that a defendant has served a prior prison term, for that is not a "finding." It is a judicial acknowledgement of an indisputable fact. The trial court merely acknowledges the prior prison term and does not have to weigh conflicting evidence to make a factual finding. As such, a defendant's Sixth Amendment rights are not compromised by the exercise.
 {¶ 46} In the transcript of the sentencing hearing, the trial court noted that Acevedo served a prior prison term for a controlled substance conviction. Since Acevedo served a prior prison term, the trial court was justified in imposing more than the minimum sentence.
 {¶ 47} The judgment of the trial court is affirmed.
Grendell, J., Rice, J., concur in judgment only.
[1] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, adopting the test set forth in Strickland v. Washington
(1984), 466 U.S. 668.
[2] Id. at 143, citing Strickland, 466 U.S. at 697.
[3] Crim.R. 29(A).
[4] State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307.
[5] See State v. Roberts, 6th Dist. No. S-04-003, 2004-Ohio-6468, at ¶ 12-13; State v. Green, 8th Dist. No. 81232, 2003-Ohio-1722, at ¶ 34.
[6] (Citations omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380,387.
[7] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
[8] Blakely v. Washington (2004), 124 S.Ct. 2531.
[9] R.C. 2929.14(A)(2).
[10] Blakely v. Washington, supra.
[11] (Emphasis in original and internal citations omitted.) Id. at 2537.
[12] State v. Taylor, 158 Ohio App.3d 597, 2004-Ohio-5939.
[13] Apprendi v. New Jersey (2000), 530 U.S. 466, 490, citing Jones v.United States (1999), 526 U.S. 227, 243, fn. 6.
[14] State v. Taylor, at ¶ 25.