OPINION
{¶ 1} Appellant, Pedro Torres, appeals the judgment entered by the Lake County Court of Common Pleas. Following a resentencing hearing, Torres was sentenced to a total prison term of twenty-four years for various convictions, including: engaging in a pattern of criminal activity; burglary; and receiving stolen property.
 {¶ 2} Torres was indicted by the Lake County Grand Jury on one count of engaging in a pattern of criminal activity; nine counts of burglary, of which five carried a firearm specification; eight counts of theft; seven counts of grand theft, of which five carried a firearm specification; and one count of receiving stolen property.
 {¶ 3} Torres pled guilty to one count of engaging in a pattern of criminal activity; five counts of burglary, of which four included a firearm specification; and one count of receiving stolen property. As a result of the guilty plea, the remaining charges were dismissed.
 {¶ 4} Torres was originally sentenced to a cumulative twenty-four year term. Torres appealed this initial judgment to this court in case No. 2001-L-122. This court reversed the prior judgment of sentence, due to the trial court's failure to adequately state its reasons for imposing consecutive sentences.[1]
 {¶ 5} The trial court conducted a resentencing hearing. Torres' subsequent cumulative sentence was identical to his initial sentence. Torres was sentenced to serve one year for each of the firearm specifications, to be served consecutively to three-year sentences for each of the burglary convictions. The burglary sentences were to be served consecutively to each other and to a four-year sentence for the engaging in a pattern of criminal activity conviction and a one-year sentence for the receiving stolen property conviction. Torres total prison term was twenty-four years.
 {¶ 6} Torres raises the following assignments of error.
 {¶ 7} "[1.] The trial court violated appellant's rights to equal protection and due process of law under the Fifth andFourteenth Amendments to the U.S. Constitution and under Sections2, 10 and 16, Article I, of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B).
 {¶ 8} "[2.] The trial court ruled contrary to law when it ordered consecutive sentences.
 {¶ 9} "[3. (supplemental)] The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 10} Initially, we will consider Torres' third assignment of error. This assignment of error is raised in response to the United States Supreme Court's opinion in Blakely v.Washington.[2]
 {¶ 11} The Supreme Court of Ohio has recently issued an opinion holding that an appellate court may only consider the sentences that the appellant challenges on appeal.[3]
Torres' "cumulative" sentences contains "more than the minimum sentences" and consecutive sentences. In Torres' second and third assignments of error, he challenges the consecutive nature of the sentences imposed by the trial court. Thus, he has directly challenged the trial court's imposition of consecutive sentences in light of the Blakely decision. Torres does not directly challenge the trial court's sentences on a "more than the minimum" analysis pursuant to former R.C. 2929.14(B), which required the trial court to engage in judicial factfinding prior to imposing a sentence greater than the minimum for a defendant who had not previously served a prison term.[4] However, in his first assignment of error, Torres objects to the trial court's "cumulative" or "aggregate" sentence under R.C. 2929.11. In that argument, he challenges the length of the "aggregate" sentence and, by implication, the length of his individual sentences, on proportionality grounds and the ground that his sentence was disproportionate to those received by defendants who committed similar crimes. Since he has objected to the length of his sentences, we hold that Torres has not waived the issue of the trial court imposing "more than the minimum" sentences via judicial factfinding.
 {¶ 12} The Supreme Court of Ohio has addressed the implication of Blakely v. Washington on Ohio's sentencing structure.[5] In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[6] In addition, the court held "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[7]
 {¶ 13} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[8]
 {¶ 14} The trial court's "cumulative" sentence contains "more than the minimum" and consecutive sentences, which were arrived at via judicial factfinding. Thus, pursuant to State v. Foster,
the consecutive sentences are unconstitutional.[9] In addition, Torres received a sentence of four years on count one, a first-degree felony; he received sentences of three years on counts four, five, eight, nine, and ten, which were all second-degree felonies; and he received a sentence of one year on count twenty-six, a fifth-degree felony. Pursuant to R.C.2929.14(A), all of these sentences are "more than the minimum" of the applicable statutory ranges. Thus, judicial factfinding was required to impose these sentences and, therefore, they are unconstitutional.[10] Thus, these sentences must be vacated.[11]
 {¶ 15} We note that the trial court found, pursuant to former R.C. 2929.14(B)(1), that Torres had served a prior prison term. Certain decisions from this court held that a trial court imposing a "more than the minimum" sentence on a defendant who a served a prior prison term did not violate Blakely v.Washington, because the court was not engaging in judicial factfinding but, rather, taking judicial notice of the fact that the defendant had served a prior prison term.[12] These cases were released prior to the State v. Foster decision. However, the Supreme Court of Ohio declined to adopt this "prior prison term" exception.[13] In fact, the court specifically held that judicial findings regarding a prior prison term violate the constitutional guarantees explained in Blakely v.Washington.[14]
 {¶ 16} Finally, our analysis turns to the four one-year sentences the trial court imposed for the firearm specifications on counts five, eight, nine, and ten. These sentences were imposed pursuant to R.C. 2929.14(D)(1)(a)(iii) and R.C. 2941.141. No judicial factfinding was required for the imposition of these sentences. Since these sentences do not violate State v.Foster, we will not disturb these sentences on appeal.[15]
 {¶ 17} Torres' third assignment of error has merit.
 {¶ 18} Since the trial court's judgment entry is being reversed, Torres' first and second assignments of error are moot.
 {¶ 19} The judgment of the trial court is reversed, and the matter is remanded for resentencing, pursuant to State v.Foster.[16] Specifically, the trial court is to resentence Torres on those counts that we have vacated in the prior sentence. Thereafter, the trial court is to determine whether Torres' sentences should be served consecutively and, if applicable, designate which sentences are to be served consecutively and which are to be served concurrently.
Rice, J., concurs,
Grendell, J., concurs in judgment only.
[1] State v. Torres, 11th Dist. No. 2001-L-122, 2003-Ohio-1878.
[2] Blakely v. Washington (2004), 542 U.S. 296.
[3] State v. Saxon, ___ Ohio St.3d ___, 2006-Ohio-1245, at paragraph three of the syllabus.
[4] See State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at paragraph one of the syllabus.
[5] State v. Foster, supra.
[6] Id., at paragraph one of the syllabus, following Apprendiv. New Jersey (2000), 530 U.S. 466 and Blakely v. Washington,
supra.
[7] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, supra, and Blakely v. Washington,
supra.
[8] State v. Foster, paragraphs two and four of the syllabus, following United States v. Booker (2005), 543 U.S. 220.
[9] State v. Foster, paragraph three of the syllabus.
[10] State v. Foster, paragraph one of the syllabus.
[11] Id. at ¶ 103-104.
[12] See State v. Acevedo, 11th Dist. No. 2002-A-0109,2005-Ohio-3267, at ¶ 44-45; State v. Brown, 11th Dist. No. 2003-A-0092, 2005-Ohio-2879, at ¶ 88-89; and State v. Taylor,158 Ohio App.3d 597, 2004-Ohio-5939, at ¶ 25.
[13] State v. Foster, at ¶ 56-61.
[14] Id. at ¶ 60-61.
[15] State v. Saxon, at ¶ 19 and 30.
[16] State v. Foster, at ¶ 104.