OPINION
{¶ 1} These appeals are submitted to this court on the records and the briefs of the parties. Appellant, Tamara N. Aston, appeals the judgments entered by the Lake County Court of Common Pleas. In separate judgment entries, the trial court sentenced Aston to a total of five years in prison for her convictions relating to trafficking in cocaine.
 {¶ 2} On January 7, 2005, Aston was indicted on eight counts of trafficking in cocaine and one count of engaging in a pattern of corrupt activity. This indictment was assigned case No. 05 CR 000017. On May 27, 2005, Aston was indicted on two counts of trafficking in cocaine and two counts of possession of criminal tools. This indictment was assigned case No. 05 CR 000109. The conduct alleged in case No. 05 CR 000109 occurred subsequent to the indictment being filed in 05 CR 000017.
 {¶ 3} In case No. 05 CR 000017, Aston pled guilty to three counts of trafficking in cocaine, in violation of R.C.2925.03(A)(1), which are third-degree felonies, and one count of engaging in a pattern of corrupt activity, in violation of R.C.2923.32(A)(1), a first-degree felony. Upon recommendation of the state, the trial court dismissed the remaining counts of the indictment.
 {¶ 4} In case No. 05 CR 000109, Aston pled guilty to two counts of trafficking in cocaine, in violation of R.C.2925.03(A)(2). One of these counts was a third-degree felony, and the other was a fourth-degree felony. The trial court entered a nolle prosequi on the remaining counts of the indictment upon the recommendation of the state.
 {¶ 5} In case No. 05 CR 000017, the trial court sentenced Aston to one-year prison terms for each of her three convictions for trafficking in cocaine. In addition, the trial court sentenced Aston to a three-year prison term for her conviction for engaging in a pattern of corrupt activity. These terms were ordered to be served concurrently to each other. However, the aggregate three-year sentence was ordered to be served consecutively to the two-year sentence imposed in case No. 05 CR 000109.
 {¶ 6} In case No. 05 CR 000109, the trial court sentenced Aston to a two-year prison term on the third-degree felony conviction for trafficking in cocaine. Aston was sentenced to an eighteen-month term for her fourth-degree felony conviction for trafficking in cocaine. These prison terms were ordered to be served concurrently to each other. However, the aggregate two-year sentence was ordered to be served consecutively to the three-year sentence imposed in case No. 05 CR 000017.
 {¶ 7} Aston's total prison term from both cases was five years.
 {¶ 8} Aston, pursuant to App.R. 5(A), filed motions for delayed appeal for both cases. This court granted her motions for delayed appeal. On appeal, case Nos. 2005-L-160 and 2005-L-161 have been consolidated for all purposes.
 {¶ 9} Aston raises the following assignments of error on appeal:
 {¶ 10} "[1.] The trial court erred in sentencing the defendant-appellant to five years in prison when it sentenced her contrary to R.C. 2929.12 based upon findings not supported by the record.
 {¶ 11} "[2.] The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 12} Initially, we will consider Aston's second assignment of error. This assignment of error is raised in response to the United States Supreme Court's opinion in Blakely v.Washington.[1]
 {¶ 13} The Supreme Court of Ohio has held that an appellate court may only consider the sentences that the appellant challenges on appeal.[2] Aston's "cumulative" sentence contains "more than the minimum sentences" and consecutive sentences. In Aston's second assignment of error, she challenges the consecutive nature of the sentences imposed by the trial court. Thus, she has directly challenged the trial court's imposition of consecutive sentences in light of the Blakely
decision. She does not directly challenge the trial court's sentences on a "more than the minimum" analysis pursuant to former R.C. 2929.14(B), which required the trial court to engage in judicial factfinding prior to imposing a sentence greater than the minimum for a defendant who had not previously served a prison term.[3] However, in her first assignment of error, Aston objects to the trial court's "cumulative" or "aggregate" sentence under R.C. 2929.12. In that argument, she challenges the length of the "aggregate" sentence and, by implication, the length of her individual sentences, on the ground that there were factors that made her conduct less serious. Since she has objected to the length of her sentences, we hold that Aston has not waived the issue of the trial court imposing "more than the minimum" sentences via judicial factfinding.
 {¶ 14} The Supreme Court of Ohio has addressed the implication of Blakely v. Washington on Ohio's sentencing structure.[4] In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[5] In addition, the court held "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[6]
 {¶ 15} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[7]
 {¶ 16} The trial court's "cumulative" sentence contains "more than the minimum" and consecutive sentences, which were arrived at via judicial factfinding. Thus, pursuant to State v. Foster,
the consecutive sentences are unconstitutional.[8] In addition, in case No. 05 CR 000109, Aston received a two-year sentence on count one, a third-degree felony, and an eighteen-month sentence on count two, a fourth-degree felony. Pursuant to R.C. 2929.14(A), these sentences are "more than the minimum" of the applicable statutory ranges. Thus, judicial factfinding was required to impose these sentences, and, therefore, they are unconstitutional.[9] Thus, these sentences must be vacated.[10]
 {¶ 17} We note that the trial court found, in case No. 05 CR 000017, pursuant to former R.C. 2929.14(B)(1), that Aston had served a prior prison term. The trial court made this finding in addition to finding that the shortest prison term will demean the seriousness of the offense, pursuant to former R.C.2929.14(B)(2). Certain decisions from this court held that a trial court imposing a "more than the minimum" sentence on a defendant who served a prior prison term did not violate Blakelyv. Washington, because the court was not engaging in judicial factfinding but, rather, was taking judicial notice of the fact that the defendant had served a prior prison term.[11]
These cases were released prior to the State v. Foster
decision. However, the Supreme Court of Ohio declined to adopt this "prior prison term" exception.[12] In fact, the court specifically held that judicial findings regarding a prior prison term violate the constitutional guarantees explained in Blakelyv. Washington.[13]
 {¶ 18} Finally, our analysis turns to the sentences the trial court imposed in case No. 05 CR 000017. Aston was sentenced to one-year terms for her third-degree felonies and a three-year term for her first-degree felony conviction. These are the minimum terms of the applicable statutory ranges.[14]
Therefore, no judicial factfinding was required for the imposition of these sentences.[15] Since these sentences do not violate State v. Foster, we will not disturb these sentences on appeal.[16]
 {¶ 19} Aston's second assignment of error has merit. Since the trial court's judgment entries are being reversed, Aston's first assignment of error is moot.
 {¶ 20} The judgments of the trial court are reversed, and the matters are remanded for resentencing, pursuant to State v.Foster.[17] Specifically, the trial court is to resentence Aston on counts one and two in case No. 05 CR 000109, since we have vacated the prior sentences on these counts. Thereafter, in both cases, the trial court is to determine whether Aston's sentences should be served consecutively and, if applicable, designate which sentences are to be served consecutively and which are to be served concurrently.
O'Toole, J., concurs, Grendell, J., concurs in judgment only.
[1] Blakely v. Washington (2004), 542 U.S. 296.
[2] State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at paragraph three of the syllabus.
[3] See State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, at paragraph one of the syllabus.
[4] State v. Foster, supra.
[5] Id., at paragraph one of the syllabus, following Apprendiv. New Jersey (2000), 530 U.S. 466 and Blakely v. Washington,
supra.
[6] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, supra, and Blakely v. Washington,
supra.
[7] State v. Foster, paragraphs two and four of the syllabus, following United States v. Booker (2005), 543 U.S. 220.
[8] State v. Foster, paragraph three of the syllabus.
[9] State v. Foster, paragraph one of the syllabus.
[10] Id. at ¶ 103-104.
[11] See State v. Acevedo, 11th Dist. No. 2002-A-0109,2005-Ohio-3267, at ¶ 44-45; State v. Brown, 11th Dist. No. 2003-A-0092, 2005-Ohio-2879, at ¶ 88-89; and State v. Taylor,158 Ohio App.3d 597, 2004-Ohio-5939, at ¶ 25.
[12] State v. Foster, at ¶ 56-61.
[13] Id. at ¶ 60-61.
[14] R.C. 2929.14(A).
[15] See, e.g., Blakely v. Washington and State v. Foster,
supra.
[16] State v. Saxon, at ¶ 30.
[17] State v. Foster, at ¶ 104.