JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Anthony Randazzo appeals from his sentence for failure to comply with the order or signal of a police officer. The State of Ohio concedes that the sentence must be vacated in accordance with the Supreme Court's decision in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We therefore vacate defendant's sentence and remand the matter for re-sentencing in accordance with Foster.
 {¶ 2} On March 22, 2005, defendant was indicted pursuant to a three-count indictment. Count One charged defendant with failure to comply with the order or signal of a police officer with a furthermore clause alleging that defendant operated his motor vehicle in a manner which caused a substantial risk of serious physical harm to persons or property. Count Two charged him with tampering with evidence, and Count Three charged him with possession of less than one gram of crack cocaine. On August 25, 2005, defendant pled guilty to failure to comply with the order or signal of a police officer with the furthermore clause and the remaining charges were dismissed.
 {¶ 3} At the sentencing proceeding, the trial court noted that defendant had been a defendant in a total of thirty-one criminal matters from 1972 to the present. The court concluded that, although the instant offense did not constitute the worst form of the offense, the shortest term would demean the seriousness of defendant's conduct, "would be an insult to the justice system[,]" and would not adequately protect the public. The trial court sentenced defendant to a term of three years of imprisonment.
 {¶ 4} Defendant now appeals his sentence, arguing that the matter must be vacated and remanded for re-sentencing pursuant toState v. Foster, supra. He also complains that the trial court did not engage in the proportionality analysis required pursuant to R.C. 2929.11. Alternatively, defendant asks this court to modify the sentence and impose community control sanctions.
 {¶ 5} The State concedes that the sentence is erroneous pursuant to Foster, and that the sentence must be vacated and the case remanded for re-sentencing.
 {¶ 6} Defendant was convicted of failure to comply with an order or signal of a police officer, and the furthermore clause alleging that the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. This offense is a third degree felony. R.C.2921.331(B); 2921.33(C)(5). The range of prison terms for this offense is one to five years. R.C. 2929.14(A)(3).
 {¶ 7} R.C. 2929.14(B) states:
 {¶ 8} "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], unless one or more of the following applies:
 {¶ 9} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 10} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} In State v. Foster, supra, the Supreme Court noted that Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. "For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will `demean the seriousness' of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term. R.C. 2929.14(B)(2)."
 {¶ 12} The Foster Court then noted that R.C. 2929.14(B) is unconstitutional in that it permits the trial court to impose more than the minimum sentence only after the court has made findings of fact not proved to a jury beyond a reasonable doubt or admitted by the defendant. In addition, the Foster Court specifically held that judicial findings regarding whether the defendant had a prior prison term violate the Sixth Amendment guarantees as set forth in Blakely v. Washington (2004), 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed. 2d 403. See State v.Foster, supra, at P60-61. Accord State v. Torres, Lake App. No. 2003-L-153, 2006-Ohio-1877.
 {¶ 13} The Foster Court held that the unconstitutional provisions could be severed and that, after severance, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., paragraph seven of the syllabus. The Court determined, however, that the four cases it was reviewing in its opinion, in addition to those pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id.
 {¶ 14} In this matter, the trial court noted that defendant has an extensive record before it imposed the sentence. The court relied on a severed, excised, and unconstitutional statute in imposing the sentence. The State concedes that the sentence must be vacated and the matter re-sentenced pursuant to Foster. We therefore reverse and remand this matter for further proceedings.
 {¶ 15} In that the sentence has been vacated, the proportionality challenge is moot. State v. Goodwin, Cuyahoga App. No. 86309, 2006-Ohio-2311.
 {¶ 16} In accordance with the foregoing, the sentence is vacated, and the matter is remanded for re-sentencing in accordance with Foster.
This cause is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and Blackmon, J., Concur.