OPINION
{¶ 1} Appellant, Jason E. Stoneburner ("Stoneburner"), appeals the judgment of the Lake County Common Pleas Court imposing more-than-the-minimum and consecutive sentences upon him. Stoneburner was convicted of two counts of burglary, one of which had a firearm specification, and was sentenced by the trial court to prison terms of four years and five years, respectively, and an additional year for the firearm specification. In the aggregate, his sentences totaled ten years. Based upon State v.Foster,[1] we reverse the judgment entry of the trial court and remand for resentencing.
 {¶ 2} Stoneburner was indicted by the grand jury for two counts of burglary, violations of R.C. 2911.12(A)(2), and felonies of the second degree. Count 2 of the indictment had a firearm specification pursuant to R.C. 2941.141. He was also indicted for one count of grand theft, a violation of R.C.2913.02(A)(1), a felony of the third degree. This count also had a firearm specification. Finally, he was indicted for possession of criminal tools, a violation of R.C. 2923.24, a felony of the fifth degree.
 {¶ 3} Stoneburner entered guilty pleas to the two burglary counts. A nolle prosequi was entered by the state of Ohio with respect to all other counts.
 {¶ 4} Stoneburner was sentenced on November 9, 2005. The trial court sentenced him to four years in prison for the first burglary offense, and five years in prison for the second burglary offense. The sentences were ordered to be served consecutively. Stoneburner received an additional one-year sentence for a firearm specification with respect to the second burglary offense. This one-year sentence was ordered to be served prior to and consecutive to the other sentences. He was also ordered to pay restitution in the amount of $550 for the victims' economic losses.
 {¶ 5} Stoneburner filed a timely appeal to this court, raising the following single assignment of error:
 {¶ 6} "The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 7} This assignment of error is directly challenging Stoneburner's more-than-the-minimum and consecutive sentences. It is not challenging his sentence of one year for the firearm specification adjudged pursuant to R.C. 2941.141.
 {¶ 8} The Supreme Court of Ohio has held that an appellate court may only consider the sentences that the appellant challenges on appeal.[2] Therefore, the one-year sentence for the firearm specification shall remain undisturbed.[3]
 {¶ 9} This assignment of error is raised in response the United States Supreme Court's decision in Blakely v.Washington.[4]
 {¶ 10} The Supreme Court of Ohio has recently addressed the implication of Blakely v. Washington on Ohio's sentencing structure.[5] In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[6] In addition, the court held "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[7]
 {¶ 11} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[8]
 {¶ 12} The trial court imposed sentences that were "more-than-the-minimum" and consecutive in nature. The sentences were arrived at via judicial factfinding. Thus, pursuant toState v. Foster, the sentences are unconstitutional[9]
and must be vacated.[10]
 {¶ 13} Stoneburner's assignment of error has merit.
 {¶ 14} The judgment of the trial court is reversed, and this matter is remanded to the trial court for resentencing, pursuant to State v. Foster.[11] Specifically, the trial court is to resentence Stoneburner on both burglary convictions, since we have vacated the prior sentences on these convictions. The trial court is then to determine if the sentences are to be served concurrently or consecutively. The sentence of one year for the firearm specification shall remain undisturbed.
Cynthia Westcott Rice, J., concurs.
Diane V. Grendell, J., concurs in judgment only.
[1] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[2] State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at paragraph three of the syllabus.
[3] Id. at ¶ 19.
[4] Blakely v. Washington (2004), 542 U.S. 296.
[5] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[6] Id., at paragraph one of the syllabus, following Apprendiv. New Jersey (2000), 530 U.S. 466 and Blakely v. Washington,
supra.
[7] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, supra, and Blakely v. Washington,
supra.
[8] Id., at paragraphs two and four of the syllabus, followingUnited States v. Booker (2005), 543 U.S. 220.
[9] Id., at paragraphs one and three of the syllabus.
[10] Id. at ¶ 103-104.
[11] Id. at ¶ 104.