OPINION
{¶ 1} Appellant, Darnell R. Smith ("Smith"), appeals from the judgment entry of the Lake County Common Pleas Court that imposed sentences for drug-related offenses, which were ordered to be served consecutively to a previous sentence imposed upon him from the Cuyahoga County Common Pleas Court.
 {¶ 2} Smith was indicted by the grand jury on January 12, 2004, for two counts of possession of cocaine, one count of trafficking in cocaine, one count of possession of heroin, one count of trafficking in heroin, and one count of possessing criminal tools.
 {¶ 3} The two counts of possession of cocaine alleged violations of R.C. 2925.11. One count alleged a felony of the third degree, conviction for which requires a mandatory prison term. The other count alleged a felony of the fifth degree. The count of trafficking in cocaine alleged a violation of R.C.2925.03(A)(2), a felony of the second degree. A conviction under this count also required a mandatory prison term. The count of possession of heroin alleged a violation of R.C. 2925.11, a felony of the third degree. A conviction for this offense carries with it a presumption in favor of a prison term. The count of trafficking in heroin alleged a violation of R.C. 2925.03(A)(2), a felony of the second degree. A conviction for this offense carries with it a presumption in favor of a prison term. The count of possessing criminal tools alleged a violation of R.C.2923.24, a fifth-degree felony. All of the counts, save for the possession of criminal tools count, contained forfeiture specifications.
 {¶ 4} On May 7, 2004, Smith entered guilty pleas to one count of possession of cocaine, a felony of the third degree, and one count of possession of heroin, a felony of the third degree. Both counts had forfeiture specifications. A nolle prosequi was entered by the state of Ohio with respect to all other counts.
 {¶ 5} On May 14, 2004, Smith received sentences of two years for each of the drug possession convictions. The sentences were ordered to be served concurrently to each other, but consecutively to sentences previously received by Smith from the Cuyahoga County Common Pleas Court. Smith was also ordered to forfeit currency in the amount of $2,257 that was seized at the time of his arrest.
 {¶ 6} On May 9, 2005, Smith filed a motion for leave to file a delayed appeal, pursuant to App.R. 5(A). On the same date, he also filed a notice of appeal to this court. His motion asserted that various United States Supreme Court decisions impacted the legality of his sentence; that his counsel was ineffective in failing to advise him of the recent sentencing decisions; and that had he been informed of those decisions he would have filed a timely appeal. This court granted Smith's motion for leave to file a delayed appeal on June 17, 2005.
 {¶ 7} In this court, Smith has raised a single assignment of error:
 {¶ 8} "The trial court erred to the prejudice of appellant when it sentence [sic] appellant above the statutory maximum through imposing consecutive sentences."
 {¶ 9} This assignment of error is raised in response to the United States Supreme Court's opinion in Blakely v.Washington.[1]
 {¶ 10} The Supreme Court of Ohio has held that an appellate court may only consider the sentences that the appellant challenges on appeal.[2] Smith's sentences contain "more-than-the-minimum" sentences as well as consecutive sentences.
 {¶ 11} Though Smith has directly challenged the consecutive nature of his sentences, he has not directly challenged his sentences on a "more-than-the-minimum" analysis pursuant to former R.C. 2929.14(B). Pursuant to that section, the court was required to impose the shortest sentence from the range of sentences, unless it made a finding that the shortest sentence would demean the seriousness of the offense, that the shortest sentence would not adequately protect the public from future crime by the defendant, or that the offender had previously served a prison term.
 {¶ 12} However, Smith employs the phrase "statutory maximum" throughout his argument, in conjunction with his primary argument that the trial court improperly made judicial findings to enhance his sentences beyond the "statutory maximum." Smith cites the First Appellate District decision in State v. Bruce to support his argument that the "statutory maximum [sentence] is not `the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.'"[3] We hold, therefore, that Smith has not waived the issue of the trial court imposing "more-than-the-minimum" sentences via judicial factfinding.
 {¶ 13} The Supreme Court of Ohio has addressed the implication of Blakely v. Washington on Ohio's sentencing structure.[4] In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[5] In addition, the court held "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[6]
 {¶ 14} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[7]
 {¶ 15} The trial court imposed sentences that were "more-than-the-minimum" and consecutive in nature. The sentences were arrived at via judicial factfinding. Thus, pursuant toState v. Foster, the sentences are unconstitutional[8]
and must be vacated.[9]
 {¶ 16} We note that the trial court found, pursuant to R.C.2929.14(B)(1), that Smith had served a prior prison term. The trial court made this finding in addition to the findings that the shortest prison term would demean the seriousness of the offense and that the shortest sentence would not adequately protect the public from future crime by the appellant, pursuant to R.C. 2929.14(B)(2). Certain decisions from this court have held that a trial court imposing a "more-than-the-minimum" sentence on a defendant who served a prior prison term did not violate Blakely v. Washington, because the court was not engaging in judicial factfinding but, rather, was taking judicial notice of the fact that the defendant had served a prior prison term.[10] These cases were released prior to the State v.Foster decision. However, the Supreme Court of Ohio declined to adopt this "prior prison term" exception.[11] In fact, the court specifically held that judicial findings regarding a prior prison term violate the constitutional guarantees explained inBlakely v. Washington.[12]
 {¶ 17} Smith's assignment of error has merit.
 {¶ 18} The judgment of the trial court is reversed, and this matter is remanded to the trial court for resentencing, pursuant to State v. Foster.[13] Specifically, the trial court is to resentence Smith on both convictions for possession of drugs, since we have vacated the prior sentences on these convictions.
 {¶ 19} Thereafter, the trial court is to determine whether Smith's sentences are to be served consecutively or concurrently to the prison term Smith is currently serving pursuant to the sentence he received from the Cuyahoga County Common Pleas Court. All other motions filed by Smith and now pending before this court are moot as a result of this decision.
Ford, P.J., concurs in judgment only, Grendell, J., dissents with Dissenting Opinion.
[1] Blakely v. Washington (2004), 542 U.S. 296.
[2] State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at paragraph three of the syllabus.
[3] (Emphasis in original.) State v. Bruce,159 Ohio App.3d 562, 2005-Ohio-373, at ¶ 8, quoting Blakely v. Washington,542 U.S. at 303-304.
[4] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[5] Id., at paragraph one of the syllabus, following Apprendiv. New Jersey (2000), 530 U.S. 466 and Blakely v. Washington,
supra.
[6] Id., at paragraph three of the syllabus, followingApprendi v. New Jersey, supra, and Blakely v. Washington,
supra.
[7] Id., at paragraphs two and four of the syllabus, followingUnited States v. Booker (2005), 543 U.S. 220.
[8] Id., at paragraphs one and three of the syllabus.
[9] Id. at ¶ 103-104.
[10] See State v. Acevedo, 11th Dist. No. 2002-A-0109,2005-Ohio-3267, at ¶ 44-45; State v. Brown, 11th Dist. No. 2003-A-0092, 2005-Ohio-2879, at ¶ 88-89; and State v. Taylor,158 Ohio App.3d 597, 2004-Ohio-5939, at ¶ 25.
[11] State v. Foster, at ¶ 56-61.
[12] Id. at ¶ 60-61.
[13] Id. at ¶ 104.