{¶ 1} This matter is submitted to this court on the record and briefs of the parties. Appellant, Donald T. Mansfield, appeals the judgment entry of the Lake County Common Pleas Court sentencing him to a three-year sentence for attempted rape.
 {¶ 2} Mansfield pled guilty by way of information to one count of attempted rape, a second-degree felony in violation of R.C. 2923.02 and2907.02(A)(1)(b). The incident of sexual involvement for which he was charged occurred in 2001. Following his plea of *Page 2 
guilty, the trial court sentenced Mansfield to a three-year sentence and ordered that the sentence be served consecutively to a four-year sentence for two counts of attempted rape that was imposed in case No. 05-CR-677. In both cases, Mansfield was labeled a sexual predator.
 {¶ 3} Mansfield timely appealed his sentence in the instant case to this court, raising the following assignments of error:
 {¶ 4} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term in violation of the Due Process and Ex Post Facto clauses of the Ohio and United States Constitutions.
 {¶ 5} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term in violation of defendant-appellant's right to due process.
 {¶ 6} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term based on the Ohio Supreme Court's severance of the offending provisions under [State v.] Foster, which was an act in violation of the principle of separation of powers.
 {¶ 7} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term contrary to the rule of lenity.
 {¶ 8} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term contrary to the intent of the Ohio Legislators." *Page 3 
 {¶ 9} The focal point of Mansfield's arguments in all of his assignments of error is the decision of the Supreme Court of Ohio inState v. Foster.[1] In the Foster decision, the Supreme Court of Ohio found certain statutes to be unconstitutional and applied a severance remedy to the offending statutes.[2] Mansfield asserts that his sentences are unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in State v. Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14.
 {¶ 10} This court recently addressed Mansfield's arguments in the case of State v. Elswick[3] Except for the consecutive nature of Mansfield's sentence, the assignments of error are identical to those argued in State v. Elswick. In State v. Elswick, this court found the assignments of error to be without merit.[4] The analysis of this court in the State v. Elswick decision is equally applicable to more-than-the-minimum and consecutive prison terms. Moreover, in his brief Mansfield has not brought anything to our attention that would require additional consideration for the fact that he has received a consecutive prison term.
 {¶ 11} Based on the authority of State v. Elswick, Mansfield's assignments of error are without merit.
 {¶ 12} The judgment of the trial court is affirmed.
COLLEEN MARY OTOOLE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[2] Id. at paragraphs two, four, and six of the syllabus.
[3] State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011.
[4] Id. at ¶ 5-55. *Page 1