OPINION
{¶ 1} Appellant, Jason E. Stoneburner ("Stoneburner"), appeals the judgment of the Lake County Common Pleas Court. That court resentenced Stoneburner following this court's decision from a direct appeal that ordered him to be resentenced pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. State v. Stoneburner, 11th Dist. No. 2005-L-210,2006-Ohio-4036. On review, we affirm the judgment entry of the trial court. *Page 2 
 {¶ 2} Stoneburner had been convicted of two counts of burglary, violations of R.C. 2911.12(A)(2) and felonies of the second degree. He was also convicted of a firearm specification, pursuant to R.C.2941.141. The trial court imposed a four-year sentence for the first burglary offense and a five-year sentence for the second burglary offense. The sentences were ordered to be served consecutively. In addition, Stoneburner received a consecutive one-year sentence for the firearm specification with respect to the second burglary offense. In the aggregate, therefore, he received a ten-year sentence.
 {¶ 3} Stoneburner's previous appeal to this court challenged the sentences that were imposed by the trial court.
 {¶ 4} This court's prior decision directed the trial court to reconsider only the sentences for the burglary convictions because they were more-than-the-minimum sentences and because they were ordered to be served consecutively. The one-year sentence for the firearm specification was not challenged on direct appeal and, therefore, it was to remain undisturbed. State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, at paragraph three of the syllabus.
 {¶ 5} At resentencing, the trial court imposed the same sentence that was originally imposed. Stoneburner timely appealed to this court, raising five assignments of error. They are as follows:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and the United States Constitutions. *Page 3 
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under [State v.] Foster, which was an act in violation of the principle of separation of powers.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the rule of lenity.
 {¶ 10} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the intent of the Ohio legislators."
 {¶ 11} The focal point of Stoneburner's arguments in all of his assignments of error is the decision of the Supreme Court of Ohio inState v. Foster, supra.
 {¶ 12} In the Foster decision, the Supreme Court of Ohio found certain statutes to be unconstitutional and applied a severance remedy to the offending statutes. Id. at paragraphs two, four, and six of the syllabus.
 {¶ 13} Stoneburner asserts that his sentences are unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in State v. Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14.
 {¶ 14} This court recently addressed Stoneburner's arguments in the case of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. InState v. Elswick, this court found the assignments of error to be without merit. Id. at ¶ 5-55. See, also, State *Page 4 v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695;State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073; State v.Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062; and State v.Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783. Except for the consecutive nature of Stoneburner's sentence, the assignments of error are identical to those argued in State v. Elswick. This court has held that the Elswick decision "is equally applicable to more-than-the-minimum and consecutive prison terms." State v.Mansfield, 11th Dist. No. 2006-L-117, 2007-Ohio-1198, at ¶ 10. Moreover, in his brief, Stoneburner has not brought anything to our attention that would require additional consideration for the fact that he has received consecutive prison terms.
 {¶ 15} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A.10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 16} Based on the authority of State v. Elswick, Stoneburner's assignments of error are without merit.
 {¶ 17} The judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., and MARY JANE TRAPP, J., concur. *Page 1