OPINION
{¶ 1} This case is submitted to this court on the record and the briefs of the parties. Appellant, Darnell R. Smith, appeals the judgment entered by the Lake County Court of Common Pleas. Upon resentencing, the trial court sentenced Smith to an aggregate prison term of two years for his convictions for drug offenses.
 {¶ 2} In January 2004, Smith was indicted on two counts of possession of cocaine, in violation of R.C. 2925.11, one being a third-degree felony and the other a *Page 2 
fifth-degree felony; one count of possession of heroin, in violation of R.C. 2925.11, a third-degree felony; one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a second-degree felony; one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2), a second-degree felony; and one count of possession of criminal tools, in violation of R.C. 2923.24, a fifth-degree felony.
 {¶ 3} Smith pled guilty to the third-degree felony possession of cocaine charge and the possession of heroin charge. Upon recommendation of the state, the trial court dismissed the remaining counts of the indictment.
 {¶ 4} The trial court sentenced Smith to two-year prison terms on each of his convictions. These prison terms were ordered to be served concurrently to each other. However, the aggregate two-year prison sentence was ordered to be served consecutively to a prison term Smith was serving for crimes committed in Cuyahoga County.
 {¶ 5} Smith appealed the trial court's judgment entry of sentence to this court. This court reversed the trial court's judgment entry of sentence and remanded the matter for resentencing pursuant to the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. State v. Smith, 11th Dist. No. 2005-L-070,2006-Ohio-4541, at ¶ 18.
 {¶ 6} In November 2006, the trial court conducted a resentencing hearing. Upon resentencing, the trial court sentenced Smith to an identical sentence, consisting of two-year prison terms for his convictions in this matter, to be served concurrently. Also, the trial court again ordered the aggregate two-year prison term in this matter to *Page 3 
be served consecutively to the prison term Smith was serving for crimes committed in Cuyahoga County.
 {¶ 7} Smith has timely appealed the trial court's resentencing judgment entry. Smith raises the following assignments of error:
 {¶ 8} "[1.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms in violation of the Due Process and Ex Post Facto Clauses of the Ohio and United States Constitutions.
 {¶ 9} "[2] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms in violation of defendant-appellant's right to due process.
 {¶ 10} "[3.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 11} "[4.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the rule of lenity.
 {¶ 12} "[5.] The trial court erred when it sentenced the defendant-appellant to more-than-the-minimum, consecutive prison terms contrary to the intent of the Ohio Legislators."
 {¶ 13} Collectively, Smith asserts his sentence is unconstitutional, because he committed his crimes prior to the Supreme Court of Ohio's decision in State v. Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. See State v. Foster, supra. This court has addressed Smith's arguments in the case of State v. *Page 4 Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In State v.Elswick, this court found the nearly verbatim assignments of error that are raised in this appeal to be without merit. Id. at ¶ 5-55. See, also,State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070,2006-Ohio-6695; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073; State v. Anderson, 11th Dist. No. 2006-L-142,2007-Ohio-1062; and State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783. The only difference between the case sub judice andElswick is that Smith also appeals the consecutive nature of his sentence. However, this court has held that the Elswick decision "is equally applicable to more-than-the-minimum and consecutive prison terms." State v. Mansfield, 11th Dist. No. 2006-L-117, 2007-Ohio-1198, at ¶ 10.
 {¶ 14} In addition, these same arguments have also been consistently rejected by other Ohio appellate disRictricts and federal courts. SeeState v. Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v.Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United States v.Portillo-Quezada (C.A.10, 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 15} Based on the authority of State v. Elswick, Smith's assignments of error are without merit.
 {¶ 16} The judgment of the Lake County Court of Common Pleas is affirmed.
 DIANE V. GRENDELL, J., and MARY JANE TRAPP, J., concur. *Page 1